

1 | TANYA M. SCHIERLING [SBN 206984]
tschierling@swsslaw.com

2 | EDWARD J. MCINTYRE [SBN 80402]
emcintyre@swsslaw.com

3 | SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200

4 | San Diego, California 92101
Telephone: (619) 231-0303

5 | Facsimile: (619) 231-4755

6 | Attorneys for Taylor's Industrial Services. LLC a/k/a
HPM Division

FILED

08 MAY 16 PM 2:32

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 0877 BEN LSP
DEPUTY

9 | **UNITED STATES DISTRICT COURT**

10 | **SOUTHERN DISTRICT OF CALIFORNIA**

12 | WELLTEC MACHINERY USA, INC., a
California corporation as assignee of

13 | WELLTEC MACHINERY LIMITED a Hong
Kong registered Company,

14 |

15 |       Plaintiff,

16 | v.

17 | TAYLOR'S INDUSTRIAL SERVICES, LLC
a/k/a HPM DIVISION, and DOES 1
THROUGH 100,

18 |

19 |       Defendants.

CASE NO.

**NOTICE OF REMOVAL OF ACTION TO
FEDERAL COURT PURSUANT TO 9 U.S.C.
§ 205 AND 28 U.S.C. § 1441 (FEDERAL
QUESTION)**

Complaint Filed:  January 28, 2008

P:00426615:65052.002

NOTICE OF REMOVAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to 9 U.S.C. § 205 and 28 U.S.C. § 1441, defendant TAYLOR'S INDUSTRIAL SERVICES, LLC ("Defendant") removes to this Court the state court action described below, which is an action that relates to an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "Convention").

Specifically, as described in greater detail below, plaintiff alleges that Defendant is a party to and committed breaches of that certain distributorship agreement ("Distributorship Agreement") attached as Exhibit "A" to plaintiff's complaint, which agreement requires arbitration of any disputes in Hong Kong before the International Chamber of Commerce in accordance with the Conciliation and Arbitration Rules.

## I.      PROCEDURAL STATUS OF PENDING STATE COURT ACTION

1.      On January 28, 2008, plaintiff filed a complaint in the Superior Court of the State of California in and for the (City and) County of San Diego, for an action entitled *Welltec Machinery USA, Inc., a California corporation as assignee of Welltec Machinery Limited, a Hong Kong registered Company, Plaintiff v. Taylor's Industrial Services, LLC a/k/a HPM Division, and DOES 1 through 100, Defendants*; as case number 37-2008-00076792-CU-BC-CTL (the "Complaint"). A copy of the Complaint is attached here as Exhibit "A."

2.      A copy of all other process, pleadings, orders and other filings served on Defendant is attached here as Exhibit "B."

3.      As of the date of this Notice of Removal, no defendant has responded to the Complaint or otherwise appeared in the state court action.

4.      There has been no trial on the merits in the state court action and therefore, this Notice of Removal is timely according to 9 U.S.C. § 205.

## II.      JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action under 28 U.S.C. § 1331 and

1 | 9 U.S.C. §§ 203 and 205, in that this civil action arises under federal law because it relates

2 | to an arbitration agreement falling under the Convention:

3 |      **An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United**

4 |      **States.** The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original

5 |      jurisdiction over such an action or proceeding, regardless of the amount in controversy.

6 |

7 | 9 U.S.C. § 203 (emphasis added).

8 |      6.     Because this action is pending in the Superior Court of California in the

9 | County of San Diego, venue in the United States District Court for the Southern District of

10 | California, is proper pursuant to the provisions of 9 U.S.C. § 205 and 28 U.S.C. § 1446(a).

11 | **III.    GROUNDS FOR REMOVAL**

12 |      7.     Removal is appropriate under 9 U.S.C. § 205 when the action relates to an

13 | arbitration agreement falling under the Convention:

14 |      Where the subject matter of an action or proceeding pending in a State Court **relates to an arbitration agreement or award**

15 |      **falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action**

16 |      or proceeding to the district court of the United States for the district and division embracing the place where the action or

17 |      proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground

18 |      for removal provided in this section need not appear on the face of the complaint but may be shown the petition for removal.

19 |      For the purposes of Chapter 1 of this title any action or proceeding removed under this section shall be deemed to have

20 |      been brought in the district court to which it is removed.

21 | 9 U.S.C. § 205 (emphasis added).

22 |      8.     Section 202 explains that an arbitration agreement falls under the Convention

23 | if it arises out of a relationship that is not wholly domestic:

24 |      **An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is**

25 |      **considered as commercial**, including a transaction, contract or agreement described in [9 U.S.C. § 2], **falls under the**

26 |      **Convention**. An agreement or award arising out of such a relationship which is entirely between citizens of the United

27 |      States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages

28 |      performance or enforcement abroad, or has some other

reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

9 U.S.C. § 202 (emphasis added).

9.    Here, the contract upon which plaintiff bases its Complaint is between Defendant, an Illinois company (*see* Complaint, ¶ 2), on the one hand, and plaintiff Welltec Machine Limited, a Hong Kong company, ("Welltec Hong Kong"), on the other hand. *See* Complaint, ¶ 9 (Defendant and Welltec Hong Kong entered into a written distributorship agreement (Exhibit A to the Complaint) on or about August 1, 2002).

10.    All of plaintiff's claims against defendants arise out of and relate to the Distributorship Agreement, which requires arbitration in Hong Kong before the International Chamber of Commerce of any dispute arising out of that agreement. *See* Complaint, Exhibit "A."

11.    In short, plaintiff's claims relate to an arbitration agreement—contained in the Distributorship Agreement—that falls under the Convention because the Distributorship Agreement has a substantial foreign nexus and bears a reasonable relationship to one or more foreign states. Welltec Hong Kong  is a foreign citizen. Thus, the arbitration agreements fall under the Convention, making removal of this action proper under 9 U.S.C. § 205.

## III.    COMPLIANCE WITH STATUTORY REQUIREMENTS

12.    As required by 9 U.S.C. § 205 and 28 U.S.C. § 1446(a), copies of process, pleadings, orders and other filings served upon Defendant are attached here as Exhibit A-B.

13.    As required by 9 U.S.C. § 205 and 28 U.S.C. § 1446(d) , Defendant will promptly provide this written Notice of Removal to plaintiff through its attorneys of record and will file a copy with the Clerk of the Superior Court of San Diego County, California.

## IV.    RESERVATION OF RIGHTS AND DEFENSES

14.    By filing this Notice of Removal, Defendant does not consent to jurisdiction or venue in this judicial district or waive its rights to demand arbitration or otherwise assert any

1   defense that may be available to it.

2

3   DATED: May 16, 2008                    SOLOMON WARD SEIDENWURM & SMITH, LLP

4

5                                          By: _____
                                               TANYA M. SCHIERLING
6                                              EDWARD J. MCINTYRE
                                               Attorneys for Taylor's Industrial Services. LLC
7                                              a/k/a HPM Division

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

ANTON N. HANDAL, ESQ (SBN: 113812)
PAMELA C. CHALK, ESQ. (SBN # 216411)
GABRIEL G. HEDRICK, ESQ. (SBN # 220649)
HANDAL & ASSOCIATES
1200 THIRD AVE, SUITE 1321
SAN DIEGO, CA 92101
TEL. 619.544.6400
FAX. 619.696.0323

Attorney for Plaintiff.

## SUPERIOR COURT OF CALIFORNIA

### IN AND FOR THE COUNTY OF SAN DIEGO, CIVIL DIVISION

| | |
|---|---|
| WELLTEC MACHINERY USA, INC., a California Corporation as assignee of WELLTEC MACHINERY LIMITED a Hong Kong registered Company. | ) Case No.:    37-2008-00076792-CU-BC-CTL<br>)<br>) COMPLAINT FOR: |
|      Plaintiff, | )    1) BREACH OF CONTRACT;<br>)    2) BEACH OF THE COVENANT;<br>)        OF GOOD FAITH AND FAIR |
|      vs. | )        DEALING;<br>)    3) CONSTRUCTIVE FRAUD; |
| TAYLOR'S INDUSTRIAL SERVICES, LLC a/k/a HPM DIVISION, and DOES 1 through 100. | )    4) INTENTIONAL<br>)        MISREPRESENTATION;<br>)    5) FALSE PROMISE; |
|      Defendants | )    6) ACCOUNT STATED; and<br>)    7) OPEN BOOK ACCOUNT |

COMES NOW PLAINTIFF, WELLTEC MACHINERY USA, INC., and files the instant action against TAYLOR'S INDUSTRIAL SERVICES, LLC a/k/a HPM DIVISION and DOES 1 through 100 inclusive as follows:

### GENERAL ALLEGATIONS

1.      Plaintiff, WELLTEC MACHINERY USA, INC. (hereafter "WELLTEC USA) is a California Corporation with offices in San Diego, California. WELLTEC USA is a wholly owned subsidiary of WELLTEC MACHINERY LIMITED a Hong Kong registered company. Both WELLTECH USA and WELLTEC MACHINERY LIMITED (hereafter "WELLTEC HK") are actively engaged in the business of manufacturing and selling heavy plastic injection molding machinery for sale to U.S. and California based customers.

1  WELLTEC USA is the assignee of WELLTEC HK's claims against Defendants and brings the

2  instant action in its own behalf.

3      2.      Defendant, TAYLOR'S INDUSTRIAL SERVICES, LLC a/k/a HPM

4  DIVISION, (hereafter "TAYLOR'S") is an Illinois Limited Liability Company duly qualified

5  to and is actively doing business in the State of California.  TAYLOR'S business includes

6  trucking and the sale of heavy machinery including plastic injection molding machinery.

7  TAYLOR'S frequently does business within the jurisdiction of this court and indeed, many of

8  the transactions underlying this complaint took place in California including but not limited to

9  the delivery and pick-up of the commercial goods in question.

10      3.      At the present time, Plaintiff does not know the true names and capacities of

11  the defendants sued herein as Does 1 through 100, and therefore sue these defendants by such

12  fictitious names.  Plaintiff will seek leave of court to amend this complaint to aver their true

13  names and capacities when ascertained.  Plaintiff is informed and believes, and thereon alleges,

14  that each of the Defendants, including the fictitiously named defendants was the duly

15  authorized agent of each of the other defendants, and in doing the things herein mentioned,

16  defendants, and each of them were acting within the course and scope of their agency and

17  employment and that all acts, omissions, breaches, defaults, negligence, or other misconducts

18  as alleged in this  Complaint were committed with knowledge, permission and consent of the

19  other Defendants, and in doing the things herein mentioned, Defendants, and each of them,

20  were acting with the course and scope of their agency and employment and that all acts,

21  omissions, breaches, defaults, negligence or other misconduct as alleged in this Complaint were

22  committed with knowledge, permission, and consent of the other defendants or were

23  subsequently ratified by them, including fictitiously named defendants and each of them.

24      4.      Upon information and belief, each fictitiously named defendant is in some

25  manner responsible for the occurrences alleged in this complaint and proximately caused the

26  damages as alleged herein.

27      5.      Upon information and belief, at all times herein mentioned, each defendant

28  acted individually and/or as the successor, agent, co-conspirator, aider, abettor, joint venturer,

1  alter ego, third-party beneficiary, employee, officer, director or representative of the other
2  defendants and, in doing the things hereinafter alleged, acted within the course and scope of
3  such agency, employment or conspiracy and with the consent, permission and authorization of
4  each of the remaining defendants. Upon information and belief, all actions of each defendant
5  as alleged in the claims for relief stated herein were ratified and approved by every other
6  defendant or their officers, directors or managing agents. Defendants' actions stemmed from an
7  evil motive amounting to malice, and in conscious disregard of Plaintiffs' rights. Plaintiffs are
8  thus entitled to recover punitive damages from defendants.

9      6.      Whenever and wherever reference is made in this Complaint to any act or
10  failure to act by a Defendant or Defendants, such allegations and reference shall also be
11  deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly,
12  and severally.

13      7.      All of the acts and conduct herein below described of each and every
14  Defendant was duly authorized, ordered, and directed by the respective and collective
15  Defendant employers, and the officers and management level employees of said government
16  employer. In addition thereto, said employers participated in the aforementioned acts and
17  conduct of its said employees, agents, and representatives and each of them; and upon
18  completion of the aforesaid acts and conduct of said employees, agents and representatives, the
19  Defendants respectively and collectively, ratified, accepted the benefits of, condoned, lauded,
20  acquiesced, authorized and otherwise approved of each and all of the said acts and conduct of
21  the aforementioned corporate employees, agents and representatives.

22      8.      Plaintiff also seeks the issuance of a Temporary Restraining Order to prevent
23  the Defendants, and their agents from directly or indirectly collecting any of its outstanding
24  accounts receivable pending the litigation.

25                  **FACTS COMMON TO ALL COUNTS**
26      9.      In or about August of 2002, TAYLOR'S approached WELLTEC HK for the
27  purpose of sourcing heavy plastic injection molding equipment (hereafter "machine") for sale
28  to its customers in Canada. As a result, TAYLOR'S and WELLTEC HK entered into a SOLE

1    DISTRIBUTORSHIP AGREEMENT (hereafter "Distributorship Agreement") effective as of

2    the 1st day of August, 2002. A true and correct copy of the Distributorship Agreement is

3    attached hereto as Exhibit "A". The Distribution Agreement granted TAYLOR'S an exclusive

4    distributorship within the Canadian territory only.

5          10.         Under the terms of the Distributorship Agreement, WELLTEC HK agreed to

6    sell machinery products to TAYLOR'S under one of two potential financing schemes. Under

7    the terms of the Distributorship Agreement, TAYLOR'S had the option of posting an

8    irrevocable Letter of Credit (hereafter "LOC") at sight[1] with every issued Purchase Order

9    (hereafter "PO"). Alternatively, TAYLOR'S had the option of depositing twenty (20) percent

10   of the value of a PO, in cash, upon issuance of the PO with the balance of the PO value secured

11   by an LOC four (4) weeks prior to shipment of the machinery.

12         11.         For a period of time, business between TAYLOR'S and WELLTEC HK

13   proceeded according to the terms of their Distributorship Agreement. TAYLOR'S would issue

14   PO's under contract numbers and WELLTEC HK would invoice TAYLOR according to the

15   terms of the Distributorship Agreement.

16         12.         In or about the summer of 2002, TAYLOR'S issued a PO for a number of

17   machines for a total invoice value of $108,600. TAYLOR'S made the requisite 20% deposits.

18   TAYLOR'S, however, failed to post the required LOC for the balance within four weeks of

19   shipment. TAYLOR'S represented to WELLTEC HK, that their failure was merely and over

20   sight and the machines were shipped anyway. TAYLOR'S received the machines but failed or

21   refused to make payment of the balance on WELLTEC HK's invoice in the amount of $86,800.

22   $86,800 remains outstanding on this invoice since September 2003.

23         13.         In summer 2003, TAYLOR'S placed another order for a machine under PO

24   no. PX/03058. At the time of placing the order, TAYLOR'S advised WELLTEC HK of

25   financial difficulties it was having. TAYLOR'S represented to WELLTEC HK that if it could

26   and would make a deposit of seventy (70) percent of the invoice price of the machine prior to

27   shipment and would pay the balance due after delivery and inspection of the machine in

28   ─────────────────────

[1] A letter of credit which is payable immediately upon presentation of the appropriate paperwork.

1  California.  WELLTEC HK accepted TAYLOR'S representation and promises and issued an

2  invoice (no. PEA311006) against the PO and TAYLOR'S made the deposit of seventy percent

3  of the invoice leaving a balance due of USD $39,210.

4       14.    The subject machine was delivered to Long Beach, California where it was

5  inspected and accepted by TAYLOR'S in or about February of 2004.  TAYLOR'S, however,

6  failed to make its promised payment on the balance of the invoice, notwithstanding the fact that

7  it inspected and accepted delivery of the machine.   As of the date of this filing, TAYLOR'S

8  has not identified or advise of any defects in the subject machine and has refused and continues

9  to refuse to make payment of the balance due on the subject invoice.

10      15.    In or about March 2004, TAYLOR'S made another request to acquire a

11  machine from WELLTEC HK for exhibition purposes.  Once again, TAYLOR'S promised to

12  make payment on the same terms described above (70% deposit balance due after delivery).  In

13  spring of 2004, WELLTEC HK shipped a machine to Manzanillo, Mexico so that TAYLOR'S

14  could exhibit it for potential Latin American buyers.

15      16.    In accord with their agreement, WELLTEC HK issued invoice number

16  ("no.") PEA4030011 against which TAYLOR'S made a 70% cash payment leaving a balance

17  due of $6,750.  Notwithstanding TAYLOR'S receipt of the machine, it has failed and continues

18  to refuse to pay the balance of said invoice since July 2004.

19      17.    Taking advantage of the new payment arrangements, TAYLOR' issued

20  another PO for three machines in March 2004 for an aggregate value of $129,780.  TAYLOR'S

21  made the 70% deposit leaving a balance of $45,994.52.  The machines were delivered to

22  TAYLOR'S at in or about June 2004 in Long Beach, California.  TAYLOR'S accepted

23  delivery of the machines yet failed and continues to refuse to make payment leaving an

24  outstanding balance of $45,994.52 from June 2004.

25      18.    In or about March 2004, WELLTEC HK agreed to send another machine to

26  TAYLOR'S in exchange for a machine previously delivered which was represented to be

27  defective.  Terms of the invoice provided that the invoice, no. PEA4040011 would be fully

28  credited and marked paid upon the return of the allegedly defective machine.  TAYLOR'S

Complaint - 5

1   received and accepted the new machine in or about July 2004 but has failed to return the

2   defective machine or make payment on the invoice in the amount of $126,700.

3        19.     On or about May 2004, TAYLOR'S placed an order for two (2) machines –

4   PO PX/04011 to be delivered to Long Beach, California.  The terms for payment were 70%

5   down and 30% within a week after delivery to a customer.  TAYLOR'S represented to Wilson

6   Wong of WELLTEC HK, that if they shipped the machines to TAYLOR'S customer direct,

7   TAYLOR'S would pay the invoice within one week of the customer's inspection and

8   acceptance of the machines.  The machines were shipped and accepted by TAYLOR'S

9   customer.  TAYLOR'S, however, failed and continues to refuse to make payment to

10  WELLTEC HK for the machines in the invoiced amount of $174,800 as of August 2004.

11       20.     In the final transaction between the parties, WELLTEC HK, sold two (2)

12  machines to TAYLOR'S pursuant to an invoice issued in May 2004 in the aggregate total

13  amount of $249,720.  TAYLOR'S paid $174,720 on said invoice leaving a balance of $74,880

14  due on the invoice as of September 2004.

15       21.     The total balance due under the unpaid invoices described above equals

16  $548,384 plus interest.

17       22.     WELLTEC HK addressed the late payment situation with TAYLOR'S on

18  July 28, 2005 in a meeting involving Billie Chik and Wilson Wong for WELLTEC HK and

19  John Rexford, Chris Filos and Dean Francis for TAYLOR'S.  At the meeting, TAYLOR'S,

20  through its authorized personnel, made representations and promises to pay the outstanding

21  balance owed to WELLTEC HK.  In exchange, TAYLOR'S sought certain credits which

22  WELLTEC HK agreed to provide on condition that full payment would be made.  TAYLOR'S

23  agreed to WELLTEC HK's terms and committed to make payments to WELLTEC HK to

24  reduce its outstanding obligations.

25       23.     TAYLOR'S failed to meet any of the payment commitments it made at the

26  meeting in July 2005.

27       24.     The parties continued to discuss payment arrangements and agreed to meet

28  during the NPE 2006 show in Chicago, IL on June 21, 2006.  The meeting was attended by

1  Wilson Wong, Freeman Tang, and Raymond Li on behalf of WELLTEC HK and by Chris
2  Filos, Gerry Sposato and Tom Golden on behalf of TAYLOR'S.   During the meeting, the
3  parties discussed a number issues including TAYLOR'S outstanding account balance.   Once
4  again, TAYLOR'S, through its authorized representatives made representations and promises
5  to pay its outstanding obligations to WELLTEC HK.   In spite of these representations and
6  promises, TAYLOR'S has failed and/or refused to meet its obligations to WELLTEC HK.

7       25.      TAYLOR's repeatedly represented to WELLTEC HK that it would
8  voluntarily redress and/or pay all outstanding invoice claims with WELLTEC HK.
9  Specifically, TAYLOR's promised on or about July 21, 2005 that it would pay WELLTEC HK
10  the total sum of all outstanding invoices owed or $548,384 plus interest for outstanding
11  invoices from the years 2002, 2003, 2004 and/or 2005. TAYLOR's promised to pay that sum
12  forthwith.

13       26.      TAYLOR's promises and assurances lead WELLTEC HK to reasonably
14  believe that the matter was settled and that there was no need to pursue litigation in regards to
15  the matter. However, no payment was made as of the date of the filing of this Complaint.
16  TAYLOR's refrained from filing a complaint because of TAYLOR's continued assurances that
17  payment was forthcoming. WELLTEC HK relied on TAYLOR's promises to pay because of
18  their ongoing business relationship with one another.

19       27.      In or about  March of  2007,  WELLTEC HK discovered that TAYLOR's
20  never had any intention of paying any settlement sum but, instead, intended to induce
21  WELLTEC HK not to commence an action and, thus, to prevent WELLTEC HK not to
22  commence an action within any and all applicable periods of limitation.

23       28.      WELLTEC MACHINERY USA, INC. is a wholly owned subsidiary of
24  WELLTEC MACHINERY LIMITED. In March 2007, WELLTEC MACHINERY LIMITED
25  assigned all right, title and interest in and to the invoices, together with any other obligations
26  owing by TAYLOR'S, to WELLTEC USA, for the purpose of pursuing payment and or
27  collection thereof. As such WELLTEC USA brings this action on its own behalf as the holder
28  and owner of all of WELLTEC HK's rights against TAYLOR'S.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AGAINST ALL DEFENDANTS

29.     Plaintiff repeats and re-alleges paragraphs 1-28, inclusive as though fully set forth herein.

30.     WELLTEC HK entered into oral and/or written Agreements with Defendants and each of them, as more fully described above, for the purchase sale and distribution of heavy equipment machinery typically used in connection with plastic injection molding.

31.     WELLTEC HK has performed all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of the Agreements.

32.     In failing to pay for the machinery purchases described above, Defendants and each of them have breached their agreements with WELLTEC HK by failing and/or refusing to pay for commercial goods received by them in the ordinary course of business. Defendants, by and through their conduct have caused Plaintiff to suffer damages in an amount to be proven at the time of trial but no less than $548,384.

## SECOND CAUSE OF ACTION:

### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

33.     Plaintiff repeats and re-alleges paragraphs 1-28, inclusive as though fully set forth herein.

34.     WELLTEC HK entered into one or more oral and/or written Agreement(s) with the Defendants as alleged herein.

35.     WELLTEC HK has performed all the duties and conditions of the Agreement(s) with the Defendants.

36.     The Defendants and each of them knew that the WELLTEC HK fulfilled all its duties and conditions under the oral and/or written contract(s) with the Defendants.

37.     The Defendants and each of them breached the implied covenant of good faith and fair dealing by conspiring, aiding and abetting in the taking of money and property

1  under false pretenses.

2      38.    As the proximate result of the acts alleged above, the Plaintiff has and will

3  suffer damages in an amount according to proof at trial but no less than $548,384.

### THIRD CAUSE OF ACTION:

### CONSTRUCTIVE FRAUD

6      39.    Plaintiff repeats and re-alleges paragraphs 1-28, inclusive as though fully set

7  forth herein.

8      40.    By virtue of the relationship that existed between the Defendants and the

9  WELLTEC HK, and by virtue of the WELLTEC HK having placed confidence in the fidelity

10  and integrity of the Defendants, WELLTEC HK entrusted Defendants with commercial goods

11  and merchandise.

12      41.    Despite having voluntarily accepted the trust and confidence of WELLTEC

13  HK, the Defendants abused their position by taking goods on account and willfully refusing

14  and failing to make payment for them in violation of the agreements existing between them.

15      42.    The Defendants held themselves out to the public and to WELLTEC HK as

16  reputable, experienced distributors.  WELLTEC HK reasonably relied on the Defendants to be

17  honest and of high integrity in view of their long relationship and the Defendants'

18  representations.

19      43.    The Defendants intentionally failed to honor their promises and commitment

20  to WELLTEC HK as herein alleged with the intent to deceive and defraud WELLTEC HK.  As

21  a result of the acts of the Defendants, WELLTEC HK has been damaged in an amount

22  according to proof at trial but no less than $548,384.

23      44.    In doing the acts herein alleged, the Defendants acted with oppression, fraud,

24  breach of trust and malice and WELLTEC HK is entitled to exemplary damages according to

25  proof at trial.

26  ///

27  ///

28  ///

### FOURTH CAUSE OF ACTION:

### FRAUD AND DECEIT: INTENTIONAL MISREPRESENTATION

### OR SUPPRESSION OF MATERIAL FACT

45.     Plaintiff repeats and re-alleges paragraphs 1-28, inclusive as though fully set forth herein.

46.     At all times alleged herein, Defendants and each of them held themselves out to the public and to WELLTEC HK as being competent, experienced distributors.

47.     WELLTEC HK agreed to deliver goods and merchandise to the Defendants on credit terms based upon specific representations made by Defendants concerning payment. Specifically, Defendants represented to WELLTEC HK that they would pay for machines after they were delivered and would also cause machines to be returned after delivery by WELLTEC HK of replacement machines, as more fully described above.   The representations of the Defendants were in fact false.

48.     When the Defendants made these representations, they knew them to be false and made these representations with the intention to deceive and defraud WELLTEC HK so as to induce its reliance on thereon.  WELLTEC HK, in fact reasonably relied on Defendants promises and assurances in the manner herein alleged and was ignorant of the falsity of Defendants' representations.

49.     Had the WELLTEC HK known the actual facts, it would not have taken such action. Reliance on the Defendants' representations was justified because the Defendants and each of them held themselves out to the public and to WELLTEC HK as being honorable, competent, experienced sales agents and distributors with significant financial resources.

50.     As a direct and proximate result of the Defendants' conduct, Plaintiff has been deprived of over $548,384 in invoice payments it was reasonably entitled to receive.

51.     The aforementioned conduct of the Defendants amounted to an intentional misrepresentation, deceit, or concealment of material facts known to the Defendants with the intention on the part of the Defendants of thereby depriving the Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected the Plaintiff to

1 │ cruel and unjust hardships in conscious disregard of the Plaintiff's rights, so as to justify an

2 │ award of exemplary and punitive damages.

3 │ **FIFTH CAUSE OF ACTION:**

4 │ **FRAUD AND DECEIT:**

5 │ **PROMISE MADE WITHOUT INTENTION TO PERFORM**

6 │      52.     Plaintiff repeats and re-alleges paragraphs 1-28, inclusive as though fully set

7 │ forth herein.

8 │      53.     Defendants and each of them made material promises to WELLTEC HK that

9 │ they would honor credit and performance commitments in connection with its dealings with

10 │ WELLTEC HK.

11 │      54.     Defendants had no intention of performing their promises at the time they

12 │ made them and made these promises to induce WELLTEC HK's reliance thereon for the

13 │ purpose of securing commercial goods and products without having to pay for them.

14 │      55.     WELLTEC HK was at all times ignorant of the Defendants' secret intentions

15 │ not to perform their promises and could not in the exercise of reasonable diligence have

16 │ discovered the secret intentions of the Defendants. Had the WELLTEC HK known the actual

17 │ facts, it would not have taken such action. WELLTEC HK's reliance on the Defendants'

18 │ representations were therefore justified because the Defendants and each of them held

19 │ themselves out to the public and to WELLTEC HK as being competent, experienced sales

20 │ agents and representatives with significant financial resources.

21 │      56.     The aforementioned conduct of the Defendants was an intentional

22 │ misrepresentation, deceit, or concealment of a material fact known to the Defendants made

23 │ with the intention on the part of the Defendants of thereby depriving the WELLTEC HK of

24 │ property or legal rights or otherwise causing injury, and was despicable conduct that subjected

25 │ the Plaintiffs to cruel and unjust hardships in conscious disregard of the Plaintiff's rights, so as

26 │ to justify an award of exemplary and punitive damages.

27 │ ///

28 │ ///

## SIXTH CAUSE OF ACTION

## ACCOUNT STATED

57.     Plaintiff repeats and re-alleges paragraphs 1-28, inclusive as though fully set forth herein.

58.     As stated more fully above, Defendants and each of them promised to pay $548,384 to Plaintiff. As such, an account was stated between Plaintiff and Defendants.

59.     At the time of the statement of account, Defendants and each of them agreed to pay the amount stated to Plaintiffs, but Defendants have not paid that amount or any part of it.

60.     Plaintiff has been damaged and is thereby entitled to a total sum in the amount of $548, 384 plus interest.

## SEVENTH CAUSE OF ACTION

## OPEN BOOK ACCOUNT

61.     Plaintiff repeats and re-alleges paragraphs 1-28, inclusive as though fully set forth herein.

62.     Plaintiff and Defendants and each of them had one or more financial transactions as alleged more fully above.

63.     Plaintiff kept an open book account of the debits and credits involved in said financial transactions.

64.     Defendants and each of them owe Plaintiff money on the account.

65.     The amount of money that Defendants and each of them owe Plaintiff is in an amount of $548, 384 or more according to proof at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment on its complaint as follows:

(1)     Compensatory damages;

(2)     General damages according to Proof;

(3)     Special damages according to Proof;

(4)     Consequential damages;

1    (5)    Attorney's fees and costs of the suit herein;

2    (6)    Interest at the legal rate;

3    (7)    All other relief as the Court may deem just and proper.

4                            HANDAL & ASSOCIATES

5

6    Dated: January 25, 2008        By:    _____

7                                    Anton Handal, Esq.
                                     Pamela Chalk, Esq.
8                                    Gabriel G. Hedrick, Esq.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## SOLE DISTRIBUTORSHIP AGREEMENT
### EFFECTIVE : 1st – August 2002

For the sole distributorship in

Between

WELLTEC MACHINERY LIMITED
Tai Tung Industrial Building,
29-33 Tsing Yi Road,
Tsing Yi Island, N.T.,
HONG KONG.

Hereinafter called Welltec

And
Taylor's Industrial Services, LLC
HPM Division
820 Marion Road
Mt. Gilead, Ohio 43338
U.S.A.

Hereinafter called TIS-HPM

*[handwritten note:]*
To: your Guest (Rm 223)
Mr. Watson Wong
(faxno. 1-614-237_978 )
Mr. May Poo , Hong Kong
( total: 8 pages )

TK
20/8/04

1. In consideration of the obligation hereafter undertaken by, Welltec hereby appoints TIS-HPM as the distributor for its plastic injection molding machines and corresponding spare parts and accessories (hereinafter called Machines) and TIS-HPM hereby accepts this appointment for the territory of Canada (hereinafter called Territory). As used in this Agreement, Machine refers to the "G-Series" and 'F-Series" machines.

2. Welltec will provide and supply, free of charge all commercial and technical literature in English and in electronic form where available, relating to Machines.

3. Welltec will set prices for Machines at the most competitive level and will be entitled to change its prices or discounts giving TIS-HPM at least sixty days prior notice of such changes to enable ongoing quotations to be concluded.

4. TIS-HPM will use its best endeavors and all reasonable and proper skills to promote and sell Machines within the Territory.

5. TIS-HPM shall neither directly nor indirectly be involved with sales and supply of any other new injection molding machines similar to and competitive with those supplied by Welltec except in the case when purchase for subsequent resale of a used machine from a customer is essential to the conclusion of an order for Machines from that customer. As used in this agreement similar or competitive machines refer to other hydraulic powered toggle type machines in the clamp size range up to and including 599 tons.

6. TIS-HPM, through its sales organization will periodically contact potential customers in the Territory which are prospective users for Machines and will provide Welltec a quarterly update on sales and potential sales.

7. TIS-HPM shall be entitled to purchase Machines from Welltec for resale to any parties within the Territory where installation and operation of such purchased Machines will take place.

8. TIS-HPM shall not quote any prices or sell any Machines to any parties outside its Territory unless approved by Welltec.

9. TIS-HPM shall provide Welltec its latest price information on Machines including price lists, discounts, payment terms etc. whenever available or requested by Welltec.

10. Welltec's standard terms of payment to TIS-HPM for sales within the Territory will be either of the followings:-

   • 100% of order value by irrevocable letter of credit at sight established with order
   • 20% of order value payable with order, rest 80% by irrevocable letter of credit at sight established 4 weeks prior to shipment date.

11. This agreement shall expire on 1 August 2003. Thereafter the agreement will be renewed automatically on a yearly basis unless one party shall give to the other notice for termination by one-month notice.

12. TIS-HPM shall at all times advise Welltec of any parts or designs of Machines that are unlikely to comply with the regulations of Territories and provide to Welltec whenever available the newest versions of such related regulations and technical standards in English or with English translations if possible.

13. Welltec shall at all times design, manufacture and supply its Machines of a good and merchantable quality fit for their respective use and purpose and all guarding and safety features of Machines will comply with the regulations of Territories. TIS-HPM has obligation to update Welltec with the latest regulations of Territories from time to time.

14. Welltec shall provide twelve months of warranty for all Machines sold to Territory which may become defective under normal working conditions or due to manufacturing defects, starting from the date of installation and commissioning of Machines, or 3 months after the shipment arrived any port in the continental United States whichever first occurred.
   The warranty period in total of thirteen (13) months for the ten (10) machines in Ohio and the twelve (12) machines in Illinois, as of the date this agreement is executed, shall begin starting from the date of Machines' arrival at TIS-HPM in Ohio or starting after the execution of this agreement whichever comes last. And the warranty covers hydraulic and mechanical parts only.

15. Welltec will either replace or repair any parts or components which may fail or become defective during the above mentioned warranty period, and TIS-HPM will be responsible to provide qualified labor to carry out any technical services for such replacement or repair work at its own expense. Welltec will support TIS-HPM with such specialist technical support and advice, as may be required from time to time, on electronic control systems, hydraulics and other equipment, which only Welltec can provide.

16. Any and all liabilities for personal injury shall be the sole responsibility of Welltec for any machine installed in Territory prior to the execution of this agreement, provided that those machines were not undergone any modification by customer itself or TIS-HPM.

17. Any and all liabilities for personnel injury resulting from occurrences on Machines installed in Territory subsequent to the execution of this agreement shall be the sole responsibility of Welltec, provided that the injury is caused by mal-function or machine defects, except where TIS-HPM has modified the Machine. Welltec understands that TIS-HPM plans to modify or add an electrical control system to Machine(s) installed after execution of this agreement. Any and all liabilities for personnel injury from occurrences on Machines resulting from the electrical control system added by TIS-HPM shall be the responsibility of TIS-HPM. Any and all liabilities not resulting from the addition of the electrical control system shall be the responsibility of Welltec.

18. The party responsible for liabilities from personnel injury occurrences, as defined above, shall indemnify, defend and hold harmless the other party. Both Welltec and TIS-HPM shall cooperate to the fullest extent possible in defending, at their own expense, the Machine in any liability action.

19. Welltec undertakes not to appoint any third party as agent, distributor without the consent of TIS-HPM or otherwise, for the purpose of marketing and selling Machines within the Territory.

20. Any dispute or claim arising out of this agreement shall be referred to and finally resolved by the International Chamber of Commerce in accordance with its Conciliation and Arbitration Rules. The venue of such arbitration shall be in Hong Kong.

21. Either party may terminate the agreement with immediate effect if the other party fails to meet its obligations by giving a written notice.

22. No amendment or variation of this agreement shall be effective to bind the parties hereto unless such amendment or variation shall have been put into writing and duly signed on behalf of both parties hereto.

23. Welltec shall provide to TIS-HPM the following information and documentation before or at the time of delivery of the Machines: (1) Assembly drawings; (2) Subassembly drawings; (3) Parts Lists; (4) Service Manuals, Parts Manuals, Operating Manuals; (5) Electrical and Hydraulic Schematics.

24. Welltec and TIS-HPM shall work together to identify parts ('Spare Parts") which
they believe will be required to support the Machines and Welltec shall provide
those parts to TIS-HPM on consignment until those Spare Parts are sold.

AS WITNESSED the signatures of the parties

Signed for Welltec Machinery Ltd.

Date : _17 AUG 2002_

Signed for Taylor's Industrial Services,
LLC HPM Division
Date : _____

\*\* Supplement Attached \*\*

Supplement to Sole Distributorship Agreement between Welltec & TIS-HPM

AA) For item 12

Should there be any changes in regulations and standard which leads to the modifications in machines features, the prices of machine shall be adjusted accordingly. Surely, the new prices have to be agreed by both parties.

BB) For item 14

For the twenty-two (22) sets machine, upon your confirmation of order and receipt of machines, we will issue a certificate to list down all details, such as the serial numbers and the warranty period of them to confirm the warranty term that Welltec to these machines.

CC) For item 15

For the claim cases of warranty parts, a service report on describing the problem details will be required for our study. And the defective parts shall be returned to us upon request for analysis purpose.

Supplement #2 to Sole Distributorship Agreement between Welltec & TIS-HPM

DD) For item 7

Machines purchased by TIS-HPM may be resold to any parties within the territory under TIS-HPM's own trade name.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TAYLOR'S INDUSTRIAL SERVICES, LLC
a/k/a HPM DIVISION, and DOES 1 through 100.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WELLTEC MACHINERY USA, INC., a California Corporation as
assignee of WELLTEC MACHINERY LIMITED a Hong Kong
registered Company.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.   There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.   Una carta o una llamada telefónica no lo protegen.   Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.   Es posible que haya un formulario que usted pueda usar para su respuesta.   Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.   Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.   Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales.   Es recomendable que llame a un abogado inmediatamente.   Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.   Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.   Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of San Diego, Central District<br>330 W. Broadway Avenue<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):* 37-2008-00076792-CU-BC-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gabriel G. Hedrick, Esq. (SBN #220649)
Handal & Associates, 1200 Third Avenue, Suite 1321, San Diego, CA 92101 **M. McKinley**

| DATE:<br>*(Fecha)* JAN 2 8 2008 | Clerk, by _____, Deputy |
|---|---|
| | *(Secretario)*                        *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:      330 West Broadway
MAILING ADDRESS:     330 West Broadway
CITY AND ZIP CODE:   San Diego, CA 92101
BRANCH NAME:         Central
TELEPHONE NUMBER:    (619) 685-6148

PLAINTIFF(S) / PETITIONER(S):      Welltec Machinery USA Inc as assignee of Welltec Machinery Limited

DEFENDANT(S) / RESPONDENT(S):  Taylor's Industrial Services LLC

WELLTEC MACHINERY USA INC AS ASSIGNEE OF WELLTEC MACHINERY LIMITED VS. TAYLOR'S

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00076792-CU-BC-CTL |
|---|---|

Judge:  Jeffrey B. Barton                                        Department: C-69

COMPLAINT/PETITION FILED: 01/28/2008


CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL
REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH
THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN
PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have
requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals,
petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-
345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any
other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff
may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request
default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION,
INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION
SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS.
SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE
MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES
HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP
1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359
PRIOR TO THAT HEARING

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |

| PLAINTIFF(S): Welltec Machinery USA Inc as assignee of Welltec Machinery Limited |
|---|
| DEFENDANT(S): Taylor's Industrial Services LLC |
| SHORT TITLE: WELLTEC MACHINERY USA INC AS ASSIGNEE OF WELLTEC MACHINERY LIMITED VS. TAYLOR'S INDUSTRIAL SERVICES LLC |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS<br>(CRC 3.221) | CASE NUMBER:<br>37-2008-00076792-CU-BC-CTL |
|---|---|

Judge: Jeffrey B. Barton                                              Department: C-69

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                  ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                         ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                 ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                         ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____        Date: _____

_____        _____
Name of Plaintiff                                  Name of Defendant

_____        _____
Signature                                          Signature

_____        _____
Name of Plaintiff's Attorney                       Name of Defendant's Attorney

_____        _____
Signature                                          Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated: 01/28/2008                          _____
                                           JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)     STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION        Page: 1

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00076792-CU-BC-CTL    CASE TITLE: Welltec Machinery USA Inc as assignee of Welltec Machinery

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br> Gabriel G. Hedrick, Esq. 220649 <br> Handal & Associates <br> 1200 Third Avenue, Suite 1321, San Diego, CA 92101 <br> TELEPHONE NO.: 619-544-6400    FAX NO.: 619-696-0323 <br> ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY <br><br> ' 10: 02 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central District-Unlimited Civil

CASE NAME:
Welltec Machinery USA, Inc.; et al. v. Taylor's Industrial Services, LLC; et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited <br> (Amount demanded exceeds $25,000) | [ ] Limited <br> (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 37-2008-00076792-CU-BC-CTL <br> JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence            f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 7
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 1/25/08

Gabriel G. Hedrick, Esq. SBN 220649
(TYPE OR PRINT NAME)                              ▶              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*
*www.accesslaw.com*

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS

WELLTEC MACHINERY USA, INC., a California corporation as assignee of WELLTEC MACHINERY LIMITED a Hong Kong registered Company

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Tanya M. Schierling (SBN 206984)
Solomon Ward Seidenwurm & Smith, LLP
401 B Street, Suite 1200
San Diego, CA 92101
(619) 231-0303

## DEFENDANTS

TAYLOR'S INDUSTRIAL SERVICES, LLC a/k/a HPM DIVISION, and DOES 1 THROUGH 100

FILED
'08 MAY 16 PM 2:54
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 0877 BEN LSP

BY _____ DEPUTY

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR
(For Diversity Cases Only)                    PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)    28 USC Section 1331; 9 USC Section 205 and 28 USC Section 1441 (Federal Question)

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Medical Malpractice | [ ] 625 Drug Related | [ ] 423 Withdrawal | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury - | Seizure of | 28 USC 157 | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | Property 21 USC 881 | | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 810 Selective Service |
| Student Loans (Excl. Veterans) | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 850 Securities/Commodities/ |
| [ ] 153 Recovery of Overpayment | [ ] 345 Marine Product | [ ] 370 Other Fraud | Safety/Health | | Exchange |
| of Veteran's Benefits | Liability | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 875 Customer Challenge |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | **LABOR** | [ ] 861 HIA (1395ff) | 12 USC 3410 |
| [X] 190 Other Contract | [ ] 355 Motor Vehicle | Property Damage | [ ] 710 Fair Labor | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | Product Liability | [ ] 385 Property Damage | Standards Act | [ ] 863 DIWC/DIWW | [ ] 892 Economic Stabilization |
| | [ ] 360 Other Personal Injury | Product Liability | | (405(g)) | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate | [ ] 730 Labor/Mgmt. | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | Reporting & | **FEDERAL TAX SUITS** | [ ] 895 Freedom of |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **HABEAS CORPUS:** | Disclosure Act | [ ] 870 Taxes (U.S. Plaintiff | Information Act |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | [ ] 740 Railway Labor Act | or Defendant) | [ ] 900 Appeal of Fee |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | [ ] 871 IRS - Third Party | Determination Under |
| [ ] 290 All Other Real Property | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. | 26 USC 7609 | Equal Access to Justice |
| | | [ ] 550 Civil Rights | Security Act | | [ ] 950 Constitutionality of |
| | | [ ] 555 Prison Conditions | | | State Statutes |
| | | | | | [ ] 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION    DEMAND $
UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [ ] NO

## VIII. RELATED CASE(S)
IF ANY

(See instructions):

JUDGE _____    Docket Number _____

DATE

May 16, 2008

SIGNATURE OF ATTORNEY OF RECORD

EDWARD J. MCINTYRE

151014  $350—  MB 05/16/08

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 28, 2000 (3:10pm)

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 151014    — MB

May 16. 2008
14:31:27

Civ Fil Non-Pris
USAO #.: 08CV0877 CIVIL FILING
Judge..: ROGER T BENITEZ
Amount.:                        $350.00 CK
Check#.: BC518

Total—>  $350.00

FROM: WELLTEC MACHINERY USA, INC
      VS TAYLORS INDUSTRIAL
      SERVICES, ET AL