1  Tanya M. Schierling [SBN 206984]
   tschierling@swsslaw.com
2  Michael M. Vasseghi [SBN 210737]
   mvasseghi@swsslaw.com
3  SOLOMON WARD SEIDENWURM & SMITH, LLP
   401 B Street, Suite 1200
4  San Diego, California 92101
   Telephone: (619) 231-0303
5  Facsimile: (619) 231-4755

6  Attorneys for Defendant TAYLOR'S' INDUSTRIAL
   SERVICES. LLC a/k/a HPM DIVISION

7

8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11

12  WELLTEC MACHINERY USA, INC., a          CASE NO. 08 CV 0877 BEN LSP
    California corporation as assignee of
13  WELLTEC MACHINERY LIMITED a Hong        **DEFENDANT TAYLOR'S INDUSTRIAL**
    Kong registered Company,                **SERVICES, LLC's MEMORANDUM OF**
14                                           **POINTS AND AUTHORITIES IN SUPPORT**
                                             **OF ITS MOTION TO DISMISS; OR IN THE**
15            Plaintiff,                     **ALTERNATIVE, TRANSFER VENUE OR**
                                             **STAY PROCEEDINGS PENDING**
16     v.                                    **ARBITRATION**

17  TAYLOR'S INDUSTRIAL SERVICES, LLC
    a/k/a HPM DIVISION, and DOES 1
18  THROUGH 100,                             Date:  June 30, 2008
                                             Time: 10:30 a.m.
19            Defendants.                    Dept:  Courtroom 3
                                             Honorable Roger T. Benitez
20
                                             Complaint Filed:  January 28, 2008
21

22

23

24

25

26

27

28

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
                                    DISMISS

1

**I**
**INTRODUCTION AND SUMMARY OF ARGUMENT**

2

3      Defendant Taylor's Industrial Services, LLC ("Taylor's") is a non-California company

4   with insufficient contacts in California for this Court to exercise personal jurisdiction over it.

5   Plaintiffs—the Hong Kong company Welltec Machinery Limited ("Welltec Hong Kong") and

6   its United States assignee, Welltec Machinery USA, Inc ("Welltec U.S.A.")—do not allege

7   *any* forum related activities by Taylor's and their Complaint provides no basis for why the

8   case was filed in this district.[1]  Accordingly, the Court should dismiss Plaintiffs' claims

9   against Taylor's for lack of personal jurisdiction (Fed. R. Civ. Proc. 12(b)(2)), and improper

10  venue (Fed. R. Civ. Proc. 12(b)(3)).  Additionally, each of the alleged claims in the

11  Complaint arises from an agreement wherein parties agreed in writing to arbitrate all

12  disputes arising out of that agreement.  Plaintiffs' contractual obligation is clear and explicit:

13          Any dispute or claim arising out of this agreement shall be referred to and finally
            resolved by the International Chamber of Commerce in accordance with its
14          Conciliation and Arbitration Rules.  The venue of such arbitration shall be in Hong
            Kong.

15

16  (*See* "Sole Distributorship Agreement" ¶ 20 attached as Exhibit 1 to Declaration of Chris

17  Filos filed concurrently in support this motion.)

18      If the Court chooses not to dismiss this case, it should transfer the case to the

19  Southern District of Ohio, where defendant resides – the proper venue in this case.  Finally,

20  if the Court elects to neither dismiss nor transfer the case, it should stay the matter, allowing

21  the parties to arbitrate.

22

**II**
**SUMMARY OF RELEVANT FACTS**

23

24  **A.    Plaintiffs' Allegations Against Taylor's.**

25      On January, 28, 2008 Plaintiffs filed this action against Taylor's alleging various

26  contract and fraud causes of action arising out of a Sole Distributorship Agreement

27  _____
[1]   Plaintiffs initially filed the Complaint in San Diego Superior Court.  Taylor's filed a notice
28    removing the action to this Court on May 16, 2008.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS

1  ("Agreement") signed by Taylor's and Welltec Hong Kong.  According to the Complaint,

2  Welltec Hong Kong subsequently assigned its rights and interests in the Agreement to

3  Welltec U.S.A.  Complaint ¶ 1.  (Unless noted otherwise, this motion will refer to Welltec

4  Hong Kong and Welltec U.S.A. collectively as "Welltec" or "Plaintiffs.")  The parties

5  contracted for Taylor's to be Welltec's exclusive distributor of its mold injection machines.

6  Taylor's exclusive territory for the sale of these machines was limited to Canada.  *See*

7  Agreement ¶ 1; Complaint ¶ 9.

8  **B.    Taylor's' Lack of Minimum Contacts With California.**

9          Taylor's does as much business in California as it does in Kazakhstan – none.

10  Taylor's is organized under the laws of Illinois with its principal place of business and

11  headquarters in Mt. Gilead, Ohio.  Declaration of Chris Filos ("Filos Decl."), ¶ 2.  Taylor's

12  has never conducted business in California and is not qualified, or required to be qualified,

13  to do business in California.  Filos Decl., ¶ 3. Taylor's does not and never has owned or

14  operated any retail stores in California; has not maintained bank accounts, offices, or

15  employees in the State of California; and has not advertised in the state.  Filos Decl., ¶ 4.

16  Nor does Taylor's have any customers in this state. *Id.*  Taylor's does not own, use, or

17  possesses any real property in California and has not designated an agent for service of

18  process in California. *Id.*  Finally, Taylor's does not hold any type of license issued in

19  California. *Id.*

20          The Agreement forming the basis of Plaintiffs' complaint was negotiated and

21  executed by Taylor's president, Chris Filos in Ohio.  Filos Decl., ¶ 6.  At the time of

22  signing, Mr. Filos was informed that Welltec Hong Kong executed the Agreement in Hong

23  Kong. *Id.*  Taylor's performed all of its obligations under the Agreement outside of

24  California. *Id.*

25          The machines that Taylor's purchased from Welltec pursuant to the Agreement were

26  either delivered F.O.B. to Ohio, or Taylor's arranged to have the machines picked up from

27  Welltec's facility in Hong Kong.  Filos Decl., ¶ 7.  Taylor's has never taken delivery of any

28  machine, or any other goods or products pursuant to the Agreement, in California. *Id.*

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS

1        The Complaint alleges that two shipments of goods were "delivered" in Long Beach,

2  California.  Complaint ¶¶ 17, 19.  To be clear—these shipments were not ***delivered to***

3  ***Taylor's*** in California.  Rather, the shipments arrived and passed through the port of entry

4  at Long Beach, California, en-route to their delivery destination in Ohio.  The Long Beach

5  port of entry was not selected by Taylor's. *Id.*  All of the machines that Taylor's has

6  purchased from Welltec have been sold exclusively to customers in Canada, not California,

7  as contemplated by the terms of the Agreement. *Id.*

8       Taylor's has not consented, and does not consent, to the exercise of jurisdiction

9  over it in California.

10  **C.**     **Parties' Contractual Obligation to Arbitrate.**

11        The Complaint alleges various contract and fraud causes of action, all arising out of

12  the written Agreement between Welltec and Taylor's.  The Agreement contains the

13  following arbitration provision:

14       **Any dispute** or claim arising out of this agreement shall be referred to and finally
          resolved by the International Chamber of Commerce in accordance with its
15       Conciliation and Arbitration Rules.  The venue of such arbitration shall be in Hong
          Kong.
16

17       The Agreement further provides that:

       No amendment or variation of this agreement shall be effective to bind the parties
18       hereto unless such amendment or variation shall have been put in writing and duly
          signed on behalf of both parties hereto.
19

20        Plaintiffs have apparently chosen selective enforcement of the Agreement, by

21  initiating this action in court on contravention of the arbitration provision.

22                   **III**
  **DUE PROCESS PRECLUDES THIS COURT FROM EXERCISING PERSONAL JURISDICTION**
23                   **OVER TAYLOR'S**

24  **A.**     **Personal Jurisdiction Is A Matter of Constitutional Due Process.**

25        Before the Court can exercise personal jurisdiction, two requirements must be met:

26  (1) the forum state's long arm statute must authorize personal jurisdiction over the

27  defendant, and (2) exercise of that jurisdiction must comport with constitutional principles

28

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS

1   of due process.  *Omeluk v. Langsten Slip & Batbyggeri A/S* 52 F.3d 267, 269 (9th Cir. 1995)

2   (*Omeluk*).

3          California's long-arm statute authorizes "jurisdiction on any basis not inconsistent

4   with the Constitution of this state or of the United States."  Cal. Code Civ. Proc. § 410.10.

5   Thus, the issue before this Court is whether the exercise of personal jurisdiction over

6   Taylor's comports with the Due Process Clause of the United States Constitution.  *Omeluk*,

7   52 F.3d at 269 (where state long-arm statute reaches as far as the Due Process Clause, the

8   Court must analyze whether the exercise of jurisdiction would comply with due process).

9          In the case of a nonresident defendant, like Taylor's here, the "general rule" is that

10  the Court may extend jurisdiction only where the defendant's "minimum contacts" in the

11  forum state (California) are sufficient such that maintenance of the action does not offend

12  "traditional notions of fair play and substantial justice."  *International Shoe Co. v.*

13  *Washington* 326 U.S. 310, 316 (1945) (*International Shoe*).

14  **B.      Plaintiffs Bear The Burden Of Proof.**

15         Although Taylor's is the moving party, *Plaintiffs* bears the burden of proof.  *VCS*

16  *Samoa Parking Co. v. Blue Continent Prods. (PTY) Ltd.* 83 F.Supp.2d 1151 (S.D.Cal. 1998),

17  aff'd 202 F.3d 280 (9th Cir. 1999) (the party asserting jurisdiction carries the burden of proof

18  once the issue is raised).

19          Plaintiffs' unverified Complaint does not adequately plead minimum contacts by

20  Taylor's in California.  The Complaint reveals that the reason Plaintiffs have chosen to bring

21  the action in this district is Plaintiffs' own convenience:  Welltec U.S.A., the purported

22  assignee of the Agreement, is "a California Corporation with offices in San Diego, California"

23  and "actively engaged in the business of manufacturing and selling heavy plastic injection

24  molding machinery for sale to U.S. and California based customers." Complaint ¶ 1.  Yet

25  Plaintiffs' Complaint sets forth absolutely no facts to show that Taylor's dealt with anyone

26  other than Welltec Hong Kong, as the Agreement itself establishes.

27  / / /

28  / / /

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS

**C.    Taylor's Does Not Have Minimum Contacts In California Sufficient To Exercise Personal Jurisdiction Over It In This Case.**

"There are two types of personal jurisdiction:  general and specific."  *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995) (*Ziegler*), citing *Reebok Int'l Ltd. v. McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1995).  Plaintiffs cannot meet its burden of proof on either basis.

**1.    The Facts Do Not Support General Jurisdiction Over Taylor's.**

For general jurisdiction to result, the defendant's contacts in the forum state must be "'substantial" or "continuous and systematic.'"  *Helicopteros Nacionales de Columbia v. Hall* 466 U.S. 408, 414-416, (1984) (*Helicopteros*); *Perkins v. Benguet Consol. Mining Co.* 342 U.S. 437, (1952) (*Perkins*); *Ziegler*, 64 F.3d at 473.

"The standard for establishing general jurisdiction is 'fairly high'" (*Bancroft & Masters, Inc. v. Augusta National, Inc.* 223 F.3d 1082, 1086 (9th Cir. 2000) (*Bancroft*)), and the United States Supreme Court has upheld general jurisdiction only once.  *See Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.* 1 F.3d 848, 851, n.3 (9th Cir. 1993) (*Amoco*) (pointing out that the Supreme Court has upheld general jurisdiction only in the case of *Perkins v. Benguet Consol. Mining Co., supra*).  Indeed, the Ninth Circuit Court of Appeals acknowledges:  "[w]e . . . regularly have declined to find general jurisdiction even where the contacts were quite extensive."  *Amoco*, 1 F.3d at 851, n.3.

"Factors to be taken into consideration" when evaluating whether general jurisdiction lies are:  whether Taylor's makes sales, solicits or engages in business in California, serves California's markets, designates an agent for service of process, holds a license, or is incorporated in California.  *Bancroft*, 223 F.3d at 1086, citing *Hirsch v. Blue Cross, Blue Shield of Kansas City* 800 F.2d 1474, 1478 (9th Cir. 1986).  The Court should also consider whether a company is registered to do business in California, maintains an office in California, has employees in California, maintains bank accounts in California, or markets or sells products in California.  *Bancroft*, 223 F.3d at 1086; *Figi Graphics, Inc. v. Dollar General Corporation* 33 F. Supp. 2d 1263, 1265 (S.D.Cal. 1998) (*Figi*), citing *Helicopteros*,

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS

466 U.S. at 415 and *Perkins*, 342 U.S. 437.

The answer to **every one** of these questions vis-a-vis Taylor's is "**no.**"  Taylor's is not incorporated or registered to do business in California; does not have offices, bank accounts, or employees in California; and does not advertise in California.  Filos Decl., ¶¶ 3,4.  In these circumstances, the *Figi* Court held that insufficient contacts existed to exercise general jurisdiction.  *Figi*, 33 F.Supp.2d at 1265-1266 (defendant who was not incorporated in California, did not maintain an office in California, did not conduct any significant corporate activity in California, and did not make an effort to market or sell its products in California did not have "substantial" enough contacts for general jurisdiction).

The *Bancroft* case involved circumstances similar to those in *Figi* (defendant was not registered or licensed to do business in California, paid no taxes in California, and maintained no bank accounts in California) and the additional fact that defendants, like Taylor's here, did not target any print, television, or radio advertising toward California. *Bancroft*, 223 F.3d at 1086.

Simply because Taylor's has a website that is accessible by anyone in California is insufficient to confer jurisdiction over it. In *Bancroft*, although the defendant **did** maintain a website accessible by residents of California, because the website was passive – like Taylor's[2] - and consumers could not use it to make purchases, insufficient contacts existed to create general jurisdiction.  *Id.*

Because Plaintiffs cannot show substantial or continuous and systematic contacts in California by Taylor's, general personal jurisdiction cannot attach.

2.     **The Facts Do Not Support Specific Jurisdiction Over Taylor's.**

Where the defendant does not have continuous and systematic contacts with the state sufficient to subject it to general jurisdiction, the Ninth Circuit applies a three-part test to determine whether specific jurisdiction exists, that is, whether the defendant nevertheless has "minimum contacts" with the forum sufficient for purposes of a cause of action related to

---

[2] Taylor's website is: http://www.taylorsind.com/2003/hpm/home/about/about.php

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS

1   or arising out of those contacts. *Core-Vent Corp. v. Nobel Industries AB* 11 F.3d 1482, 1485

2   (9th Cir. 1993) (*Core-Vent*); *AT&T*, 94 F.3d at 588. Applying that test here, the Court may

3   subject Taylor's to specific jurisdiction only if it finds:

4           (1)    Taylor's has purposefully availed itself of the privilege of conducting

5                  activities in California, thereby invoking the benefits and protections of

6                  its laws;

7           (2)    Plaintiffs' claims arise out of or result from Taylor's' California-related

8                  activities; and

9           (3)    the assertion of jurisdiction would be reasonable, i.e., would comport

10                 with fair play and substantial justice.

11  *Panavision Intern., L.P. v. Toeppen* 141 F.3d 1316, 1320 (9th Cir. 1998). As the frequency of

12  contacts and their relationship with the cause of action diminishes, the case for establishing

13  jurisdiction over a defendant weakens. *International Shoe*, 326 U.S. at 317-319.

14          Additionally, where Plaintiffs, as they do here, assert multiple causes of action, the

15  Court must have personal jurisdiction over the defendant with respect to each claim. *Data*

16  *Disc., Inc. v. Sys. Technology Assoc., Inc.* 557 F.2d 1280, 1289, n.8 (9th Cir. 1977).

17          The facts do not establish purposeful availment by Taylor's in California, and

18  Plaintiffs' claims do not arise out of any California-related activities, because Taylor's did not

19  engage in any activities in California. All of the negotiations and communications to reach

20  the Agreement, and performance conducted by Taylor's pursuant to the Agreement were

21  conducted exclusively outside of California. Filos Decl., ¶ 6. As Plaintiffs readily admit, the

22  machines at issue were intended for Canadian, not Californian customers. Complaint ¶ 9.

23          With respect to Plaintiffs' tort causes of action, the Court may find purposeful

24  availment only if there is: "(1) an intentional action; (2) expressly aimed at the forum state;

25  (3) causing harm, the brunt of which is suffered—and which the defendant knows is likely to

26  be suffered—in the forum state." *Core-Vent*, 11 F.3d at 1485-6; *Figi*, 33 F.Supp.2d at 1267.

27          Here, Plaintiffs do not allege any specific activity by Taylor's in California, let alone

28  one that was "intentionally" and "expressly aimed" at this state.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS

1   In *Bancroft*, *supra*, the court found purposeful availment for purposes of a tort claim

2   under circumstances utterly absent here.  There, defendant ANI directed a "cease and desist"

3   letter to Bancroft & Masters, a business operating almost exclusively in California.  In the

4   letter, ANI asserted that B&M's internet domain name infringed on Plaintiffs' trademarks, and

5   demanded that B&M turn over the domain name to Plaintiffs.  *Bancroft*, 223 F.3d at 1084-

6   1085.  ANI's action directed at California triggered B&M to act in California; specifically, the

7   letter triggered the dispute resolution provisions of the domain registrar, thereby compelling

8   B&M to act which it did by filing a declaratory relief action in California.  *Id.* at 1087.  The

9   court described ANI's action as "express aiming" and "individualized targeting."  *Id.* at 1087-

10  1088.  Here, by sharp contrast, Plaintiffs does not allege ***any specific activity*** by Taylor's in

11  California.

12                                         **IV**

    **THE COURT SHOULD DISMISS THIS CASE BECAUSE OF THE ARBITRATION CLAUSE IN**
13  **THE UNDERLYING AGREEMENT**

14  Because the Agreement involves interstate commerce, indeed, international

15  commerce, the Federal Arbitration Act ("FAA") applies.  *See Allied-Bruce Terminix Cos. v.*

16  *Dobson*, 513 U.S. 265, 273, 115 S. Ct. 834, 130 L. Ed. 2d 753 (1995).  "Under the FAA,

17  written arbitration contracts...are enforceable as a matter of federal law unless one or more

18  of the claims at issue are non-arbitrable pursuant to federal standards."  *Stuart v. Household*

19  *Retail Servs., Inc.*, 2000 U.S. Dist. Lexis 22509, 8 (C.D. Cal. 2000) (citing *Moses H. Cone*

20  *Mem. Hosp. v. Mercury Constr.*, 460 U.S. 1, 24-35 (1983)).

21  The parties' Agreement requires arbitration of all disputes.  Therefore, this case does

22  not belong in court, and should be dismissed.  "An agreement to arbitrate before a specified

23  tribunal is, in effect, a specialized kind of forum-selection clause that posits not only the situs

24  of suit but also the procedure to be used in resolving the dispute."  *Scherk v. Alberto-Culver*

25  *Co.*, 417 U.S. 506, 519, 94 S. Ct. 2449, 41 L. Ed. 2d 270 (1974).  A contractual forum

26  selection clause is *prima facie* valid and should be enforced unless unreasonable under the

27  circumstances.  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S. Ct. 1907, 32 L.

28  Ed. 2d 513 (1972), over'd in part by 28 U.S.C. 1404(a) as recognized in *Stewart*

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS

1    *Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22

2    (1988); *see also Smith, Valentino & Smith, Inc. v. Superior Court of Los Angeles County*, 17

3    Cal.3d 491, 495 (1976) ("we are in accord with the modern trend which favors

4    enforceability of such forum selection clauses") (citing *Bremen*, 407 U.S. 1).  When the

5    "choice of [ ] forum was made in an arm's-length negotiation by experienced and

6    sophisticated businessmen, and absent some compelling and countervailing reason, it

7    should be honored by the parties and enforced by the courts." *Bremen*, 407 U.S. at 12; *see*

8    *also Smith*, 17 Cal.3d. at 495-6.

9        "The Supreme Court has not spoken to the issue of which rule governs dismissal on

10    the grounds of a forum selection clause." *Brown v. Lloyd's*, 219 B.R. 725, 729 (Bankr. D.

11    Tex. 1997).  The Tenth Circuit notes that a "motion to dismiss based on a forum selection

12    clause frequently is analyzed as a motion to dismiss for improper venue under Fed. R.

13    Civ. P. 12(b)(3)." *Riley v. Kingsley Underwriting Agencies, Ltd.,* 969 F.2d 953, 956 (10th

14    Cir. 1992) (citing *Spradlin v. Lear Siegler Mgmt. Servs.*, 926 F.2d 865, 866 (9th Cir. 1991)

15    and others).  But "[l]ittle consistency exists today between the Courts of Appeal." *Brown v.*

16    *Lloyd's*, 219 B.R. at 729 (citations omitted); *see also Silva v. Encyclopedia Britannica, Inc.*,

17    239 F.3d 385, 388 n3 (1st Cir. 2001) (noting variegated views among circuits).

18        Regardless of the procedural Rule that this Court applies, all require dismissing this

19    case based on the arbitration provision.

20                              **V**

21      **THIS COURT SHOULD DISMISS THIS CASE FOR IMPROPER VENUE**

22        Federal law provides that civil actions may be brought **only** in a judicial district:  1)

23    where any defendant resides; 2) a substantial part of the events or omissions giving rise to

24    the claim occurred; or 3) where any defendant may be found if there is no district in which

25    the action may other wise be brought.  28 U.S.C. 1391(b).  For purposes of venue, a

26    corporate defendant shall be deemed to reside in any judicial district where it is subject to

27    personal jurisdiction at the time the action is commenced.  28 U.S.C. 1391(c).

28        <u>First</u>, Taylor's is not a resident of this district, or any other district in California.  It is

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS

1  headquartered in and has always maintained its principal place of business in Ohio.  Filos

2  Decl., ¶ 2.  As discussed in section II B above, Taylor's did not engage in any activity within

3  California that would subject it to personal jurisdiction in this district at the time of the filing

4  of the Complaint (or for that matter at any time prior to the filing of the Complaint).

5      Second, none of the "events or omission" leading to Plaintiffs' claims arose in

6  California.  To the contrary, the Agreement was negotiated and signed by Taylor's in Ohio

7  and Welltec delivered the majority of the machines at issue to Taylor's in Ohio.  Filos Decl.,

8  ¶¶ 6, 7.  Taylor's issued payment for those machines from its bank in Ohio.  The Southern

9  District of California is simply not the proper venue for this action because it has absolutely

10  no connection to this case whatsoever.

11      "The district court of a district in which is filed a case laying venue in the wrong

12  division or district **shall** dismiss, or if it be in the interest of justice, transfer such case to any

13  district or division in which **it could have been brought**."  28 U.S.C § 1406.  This case

14  "could have been brought" in the Southern District of Ohio, were defendant resides and is

15  subject to personal jurisdiction.

16                                          **VI**
   **IN THE ALTERNATIVE, THE COURT SHOULD STAY THIS ACTION PENDING**
17                                     **ARBITRATION**

18      If the Court declines to dismiss or transfer this case, it should at a minimum stay the

19  action to permit the parties to arbitrate in accordance with their Agreement. "The Federal

20  Arbitration Act *requires* a court to stay an action whenever the parties to the action have

21  agreed in writing to submit their claims to arbitration:

22              If any suit or proceeding be brought in any of the courts of the
                United States upon any issue referable to arbitration under an
23              agreement in writing for such arbitration, the court in which
                such suit is pending, upon being satisfied that the issue involved
24              in such suit or proceeding is referable to arbitration under such
                an agreement, *shall* on application of one of the parties stay the
25              trial of the action until such arbitration has been had in
                accordance with the terms of the agreement..."
26

27  *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1048 (9th Cir. 1996) (quoting 9 U.S.C.

28  § 3, emphasis added).

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS

1    Applying the above authorities, the Court should dismiss this case in its entirety. To

2  allow the case to sit on the court's docket would be a waste of judicial time and resources.

3  At a bare minimum, the Court should stay all proceedings in this case in order to preserve

4  judicial economy and avoid unnecessary expenditures of time and money for the parties.

5                                       **VII**
                                   **CONCLUSION**

6

7    Because Taylor's lacks the constitutionally required "minimum contacts" in

8  California, this Court cannot exercise personal jurisdiction over it. To do so would

9  constitute a denial of due process. Moreover, forcing Taylor's to litigate in this district

10  would contravene the principles of proper venue. Taylor's therefore respectfully requests

11  that the Court dismiss Plaintiffs' claims pursuant to Rule 12(b)(2) or (3) of the Federal Rules

12  of Civil Procedure, and because parties have agreed to arbitrate the claims giving rise to this

13  case. In the alternative, Taylor's requests that the Court transfer the matter to the Southern

14  District of Ohio, where it should have been brought in the first instance. If the Court does

15  not dismiss or transfer the case, Taylor's requests that the Court at least stay all further

16  proceedings in order to permit the parties to arbitrate.

17

18  DATED: May 23, 2008                 SOLOMON WARD SEIDENWURM & SMITH, LLP

19

20                                      By:   _/s/Tanya M. Schierling_
                                             TANYA M. SCHIERLING
21                                           MICHAEL M. VASSEGHI
                                             Attorneys for TAYLOR'S INDUSTRIAL
22                                           SERVICES. LLC a/k/a HPM DIVISION

23

24

25

26

27

28

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS

# TABLE OF CONTENTS

**PAGE(S)**

I INTRODUCTION AND SUMMARY OF ARGUMENT ........................................................ 1

II SUMMARY OF RELEVANT FACTS ............................................................................... 1

    A.    Plaintiffs' Allegations Against Taylor's. ........................................... 1

    B.    Taylor's' Lack of Minimum Contacts With California. ...................................... 2

III DUE PROCESS PRECLUDES THIS COURT FROM EXERCISING PERSONAL
    JURISDICTION OVER TAYLOR'S ................................................................... 3

    A.    Personal Jurisdiction Is A Matter of Constitutional Due Process. ...................... 3

    B.    Plaintiffs Bears The Burden Of Proof. ................................................................. 4

    C.    Taylor's Does Not Have Minimum Contacts In California Sufficient To
        Exercise Personal Jurisdiction Over It In This Case. .......................................... 5

        1.    The Facts Do Not Support General Jurisdiction Over Taylor's. ............. 5

        2.    The Facts Do Not Support Specific Jurisdiction Over Taylor's. ............ 6

IV THE COURT SHOULD DISMISS THIS CASE BECAUSE OF THE ARBITRATION
    CLAUSE IN THE UNDERLYING AGREEMENT .......................................................... 8

V THIS COURT SHOULD DISMISS THIS CASE FOR IMPROPER VENUE ............................ 9

VI IN THE ALTERNATIVE, THE COURT SHOULD STAY THIS ACTION PENDING
    ARBITRATION ....................................................................... 10

VII CONCLUSION ............................................................................................................ 11

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
DISMISS

1

2

3

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

4

FEDERAL CASES

5

*Allied-Bruce Terminix Cos. v. Dobson*
   513 U.S. 265, 115 S. Ct. 834, 130 L. Ed. 2d 753 (1995)...............................................8

*Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.*
   1 F.3d 848 (9th Cir. 1993) ........................................................................................5

*Bancroft & Masters, Inc. v. Augusta National, Inc.*
   223 F.3d 1082 (9th Cir. 2000) ..............................................................................5, 6, 8

*Brown v. Lloyd's*
   219 B.R. 725 (Bankr. D. Tex. 1997) ..........................................................................9

*Core-Vent Corp. v. Nobel Industries AB*
   11 F.3d 1482 (9th Cir. 1993) .....................................................................................7

*Data Disc., Inc. v. Sys. Technology Assoc., Inc.*
   557 F.2d 1280 (9th Cir. 1977) ...................................................................................7

*Figi Graphics, Inc. v. Dollar General Corporation*
   33 F. Supp. 2d 1263 (S.D.Cal. 1998)...................................................................5, 6, 7

*Helicopteros Nacionales de Columbia v. Hall*
   466 U.S. 408 (1984)..................................................................................................5

*M/S Bremen v. Zapata Off-Shore Co.*
   407 U.S. 1, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972)................................................8, 9

*Omeluk v. Langsten Slip & Batbyggeri A/S*
   52 F.3d 267 (9th Cir. 1995) ......................................................................................4

*Panavision Intern., L.P. v. Toeppen*
   141 F.3d 1316 (9th Cir. 1998) ...................................................................................7

*Perkins v. Benguet Consol. Mining Co.*
   342 U.S. 437 (1952)...............................................................................................5, 6

*Riley v. Kingsley Underwriting Agencies, Ltd.*
   969 F.2d 953 (10th Cir. 1992) ...................................................................................9

*Scherk v. Alberto-Culver Co.*
    417 U.S. 506, 94 S. Ct. 2449, 41 L. Ed. 2d 270 (1974)....................................................8

*Silva v. Encyclopedia Britannica, Inc.*
    239 F.3d 385 (1st Cir. 2001) ...........................................................................................9

*Stewart Organization, Inc. v. Ricoh Corp.*
    487 U.S. 22, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988)....................................................8

*Stuart v. Household Retail Servs., Inc.*
    2000 U.S. Dist. Lexis 22509 (C.D. Cal. 2000) ...............................................................8

*VCS Samoa Parking Co. v. Blue Continent Prods. (PTY) Ltd.*
    83 F.Supp.2d 1151 (S.D.Cal. 1998), aff'd 202 F.3d 280 (9th Cir. 1999)...........................4

*Wagner v. Stratton Oakmont, Inc.*
    83 F.3d 1046 (9th Cir. 1996) .........................................................................................10

*Ziegler v. Indian River County*
    64 F.3d 470 (9th Cir. 1995) .............................................................................................5


**CALIFORNIA CASES**

*Smith, Valentino & Smith, Inc. v. Superior Court of Los Angeles County*
    17 Cal.3d 491 (1976) .......................................................................................................9


**FEDERAL STATUTES**

28 U.S.C. 1391(b).............................................................................................................9

28 U.S.C. 1391(c).............................................................................................................9

28 U.S.C. 1404(a).............................................................................................................8

28 U.S.C § 1406.............................................................................................................10


**CALIFORNIA STATUES**

California Code of Civil Procedure § 410.10 ...................................................................4

1

**OTHER AUTHORITIES**

2

Fed. R. Civ. Proc. 12(b)(2) ........................................................................... 1, 11

3

Fed. R. Civ. Proc. 12(b)(3) ........................................................................ 1, 9, 11

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS