1  ANTON N. HANDAL, ESQ (SBN: 113812)
   PAMELA C. CHALK, ESQ. (SBN # 216411
2  GABRIEL G. HEDRICK, ESQ. (SBN # 220649)
   **HANDAL & ASSOCIATES**
3  1200 Third Avenue, Suite 1321
   San Diego, CA 92101
4  Tel.: 619.544.6400
   Fax: 619.696.0323
5
   Attorneys for Plaintiff
6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  WELLTEC MACHINERY USA, INC., a        ) Case No.: 08CV0877 BEN (LSP)
    California Corporation as assignee of WELLTEC )
12  MACHINERY, LIMITED, a Hong Kong       )
    registered Company,                   ) **PLAINTIFF'S OPPOSITION TO**
13                                         ) **DEFENDANT TAYLOR'S**
                                           ) **INDUSTRIAL SERVICES, LLC'S**
14            Plaintiff,                   ) **MOTION TO DISMISS; OR, IN THE**
                                           ) **ALTERNATIVE, TRANSFER**
15      v.                                 ) **VENUE OR STAY PROCEEDINGS**
                                           ) **PENDING ARBITRATION**
16  TAYLOR'S INDUSTRIAL SERVICES, LLC     )
    a/k/a HPM DIVISION, and DOES 1 through 100. ) Date:  June 30, 2008
17            Defendants.                  ) Time:  10:30 a.m.
                                           ) Judge:  Roger T. Benitez
18                                         ) Ctrm:  3
                                           )
19  _____ )

20                         **INTRODUCTION**

21      Plaintiff Welltec Machinery USA, Inc. ("Welltec") filed its complaint in this action (the

22  "Complaint") on January 28, 2008.  *See* Complaint attached as Exhibit A to Defendant's Notice

23  of Removal (Docket No. 1).   The Complaint alleges causes of action for breach of contract,

24  breach of the covenant of good faith and fair dealing, fraud, account stated, and open book

25  account arising from the sale of injection molding machines by Welltec to Defendant. *Ibid.*

26      Plaintiff Welltec Machinery USA, Inc. ("Welltec") filed its complaint in this action (the

27  "Complaint") on January 28, 2008.  *See* Complaint attached as Exhibit A to Defendant's Notice

28  of Removal (Docket No. 1).   The Complaint alleges causes of action for breach of contract,

-1-

1 | breach of the covenant of good faith and fair dealing, fraud, account stated, and open book
2 | account arising from the sale of injection molding machines by Welltec to Defendant. *Ibid.*
3 |       On Friday, April 11, 2008, one business day before Defendant's response to the
4 | Complaint was due, Defendant's counsel Mr. Riedel requested a 30-day extension of time to
5 | respond to the Complaint; Plaintiff agreed. Hedrick Dec., ¶11 and Exhibit G thereto. On
6 | Monday, April 14th, Mr. Riedel confirmed the extension in writing. *See* Exhibit G to Hedrick
7 | Dec. Plaintiff's counsel responded that, after reviewing the local Superior Court rules, the
8 | parties can only agree to a 15-day extension of time to respond in the absence of a Court order
9 | authorizing additional time. *See* Exhibit H to Hedrick Dec. and Exhibit A to the Request for
10 | Judicial Notice filed herewith. Plaintiff requested that Defense counsel prepare a stipulation
11 | and proposed order to be filed with the Court to extend the response time beyond 15 days (or
12 | April 29, 2008).[1] *See* Exhibit H to Hedrick Dec.
13 |       On April 23, 2008, Plaintiff's counsel reminded defense counsel of the need for a Court
14 | order to extend the response time beyond 15 days. *See* Exhibit I to Hedrick Dec. Plaintiff's
15 | counsel spoke to Mr. Riedel later that day on that topic and Mr. Riedel responded that he would
16 | wait to see where the parties were as the 15 days drew near at which point the parties would
17 | discuss a further extension. Hedrick Dec., ¶14. On April 30, 2008, one day after Defendant's
18 | response to the Complaint was due, Mr. Riedel spoke to Plaintiff's counsel Anton Handal to
19 | discuss an additional extension of time to respond to the Complaint. Hedrick Dec., ¶15 and
20 | Exhibit J thereto. Mr. Handal agreed that Plaintiff's would consent to an extension to mid-May
21 | for Defendant to respond to the Complaint. *Ibid.*
22 |       On May 6, 2008, Plaintiff's counsel, in an unsolicited and, frankly, unnecessary show of
23 | good faith and cooperation, forwarded Mr. Riedel the proper form needed for obtaining the
24 | necessary Court order to extend the response date beyond 15 days. Hedrick Dec., ¶16 and
25 | Exhibit K thereto. Mr. Riedel never responded. Hedrick Dec., ¶16. In the spirit of cooperation,
26 |

27 | [1] Plaintiff's counsel's April 14, 2008 email to defense counsel (Exhibit H to Hedrick Dec.) erroneously specified
the original due date of Plaintiff's response as April 16, 2008  However, Defense counsel had previously conceded
28 | that the original response date was April 14, 2008. If the response date were April 16, 2008, San Diego Superior

-2-

1   the parties' oral agreement to extend the deadline to respond, and in light of the parties' ongoing

2   settlement discussions, Welltec withheld filing a request for entry of default against Defendant,

3   despite their failure to seek Court approval for an extension of time to respond and despite

4   counsel's continued warnings to defense counsel of their need to do so.  *Ibid.*  At no point in

5   any of the discussions between Mr. Riedel and Plaintiff's counsel did the parties discuss a

6   transfer of the matter to Ohio or arbitration.  *Id.* at ¶17.

7       On Friday, May 16, 2008, seventy-four (74) days after Defendant received a copy of the

8   summons and complaint, Defendant filed its notice of removal of the action to this Court.  *See*

9   Docket No. 1.  At 8:54 p.m. on Monday, May 19, 2008, Defendant through its newly retained

10  counsel, Tanya Schierling, for the very first time raised the issue of venue and for the very first

11  time suggested a stipulation to transfer the case to Ohio.  Hedrick Dec., ¶18 and Exhibit L

12  thereto.  Although the email was sent at nearly 9 p.m., well after the close of business,

13  Defendant demanded a response by noon the following day.  *Ibid.*  Defendant again requested

14  an extension of time to respond, purportedly to afford Plaintiff additional time to consider the

15  stipulation to transfer to Ohio.  *Ibid.*  In addition, defense counsel's email conceded it had only

16  5 days from the date of notice of removal to file a response to the complaint.  *Ibid.*  Because

17  Plaintiff's counsel did not receive the email until Tuesday, May 20, 2008 and because Plaintiff's

18  counsel's contact is located in Hong Kong, 15 hours ahead of San Diego, a response to both of

19  Defendant's requests was impossible by noon on May 20th as requested.  *Id.* at ¶19.

20      On May 21, 2008, Plaintiff's counsel Gabriel Hedrick telephoned Ms. Schierling and

21  left her a voice mail notifying her of the difficulty caused by the time difference to Hong Kong

22  and obtaining a prompt response to her client's requests.  *Id.* at ¶20.  Mr. Hedrick further

23  informed Ms. Schierling that Plaintiff's attorney Anton Handal was scheduled to meet with

24  Plaintiff's contact in Hong Kong on Thursday, Hong Kong time and would discuss Defendant's

25  requests at that time.  *Ibid.* and Exhibit M thereto.  Unfortunately, counsel's client contact was

26  forced to reschedule the meeting with Mr. Handal for Friday.  *Id.* at ¶21.  Defense counsel was

27

28

Court Local Rule 2.1.6 would have allowed Defendants until May 1, 2008 to respond.  Any additional time would
require a Court order

-3-

1  notified via email on May 22, 2008. *Ibid.* and Exhibit N thereto. Once again, because of the

2  time difference, Mr. Hedrick did not learn of Plaintiff's approval of a stipulation before the

3  close of business on Friday. *Id.* at ¶21. Defendant filed the present motion to transfer that

4  afternoon, Friday, May 23, 2008. *See* Docket No. 4.

5      On Tuesday, May 27, 2008, Plaintiff's counsel informed Defendant that Plaintiff was

6  willing to stipulate to a venue transfer. *Id.* at ¶22 and Exhibit O thereto. Plaintiff's counsel

7  further requested that Defendant provide Plaintiff's counsel with a draft stipulation for their

8  review and signature. *Ibid.* Although, Defendant was the party that suggested a stipulation to

9  transfer, Defense counsel responded by email on May 29, 2008, stating "I have been trying to

10  get in touch with my client. I will get back to you once I have done so." *Id.* at ¶23 and Exhibit

11  P thereto. Having not heard from Defendant, Plaintiff's counsel emailed defense counsel on

12  June 4, 2008 asking for the status of the stipulation. *See* Exhibit Q to Hedrick Dec. Plaintiff's

13  counsel did not respond. *Id.* at ¶24.

14      On or about June 12 or 13, 2008, Plaintiff's counsel again telephoned Defense counsel

15  to inquire about the stipulation to transfer venue to Ohio. *Id.* at ¶25. Finally, on Friday, June

16  13, 2008, defense counsel left a voice mail with Plaintiff's counsel confirming that Defendant

17  still wished to stipulate to the venue transfer. *Id.* at ¶26. Despite the fact that Defendant

18  initially requested the stipulation and despite the fact that, three weeks earlier, Plaintiff

19  requested Defendant to provide a draft stipulation, Plaintiff's counsel prepared and sent to

20  defense counsel a draft stipulation in the hopes that the stipulation could be filed before the

21  parties incurred any additional expenses. *Id.* at ¶26 and Exhibit R thereto.

22      At no point during any of the emails or voice mail messages between counsel did

23  defense counsel ever make any mention that recovery of its costs and attorney's fees would be a

24  precondition of a stipulation. *Id.* at ¶27. However, at 6:30 p.m., after the close of business on

25  June 16, 2008, despite the passage of more than 3 weeks since first offering the stipulation,

26  Defendant for the very first time stated that payment of its costs and fees in the exorbitant

27  amount of $7,500 should be included as a condition of the stipulation. *Id.* at ¶28 and Exhibit S

28  thereto.

## ARGUMENT

## I.  DEFENDANT'S MOTION IS UNTIMELY

FRCP 81(c) provides:

**"(c) Removed Actions.**

**(1)** *Applicability.* These rules apply to a civil action after it is removed from a state court.

**(2)** *Further Pleading.* After removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:

**(A)** 20 days after receiving--through service or otherwise--a copy of the initial pleading stating the claim for relief;

**(B)** 20 days after being served with the summons for an initial pleading on file at the time of service; or

**(C)** 5 days after the notice of removal is filed."

Notice of removal was filed in this action on Friday, May 16, 2008.  *See* Docket No. 1. Having been served well over 20 days prior to the filing of the notice of removal, Defendant's response to the complaint was due no later than five days after the filing of the notice of removal, or Wednesday, May 21, 2008.  FRCP 81(c)(2)(C).  Defendant conceded as much in defense counsel's email of May 19, 2008.

Defendant's response to the Complaint was not filed until May 23, 2008, two days after it was required to do so under FRCP 81(c)(2)(C).  By failing to timely respond not once, but twice, **Defendant has waived its objections to personal jurisdiction, forum (i.e. arbitration) and venue**.  Accordingly, Defendant's motion should be denied.

## II.  THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANT

Defendant claims that it does no business in California.  Plaintiff's Motion, p. 2:9-19. This contention is belied by its own website.   In the news section of its website, www.hpmamerica.com, a section accessible from nearly every subpage of the website, contains a link entitled "Is your company located in California, Arizona, Utah, Nevada…"  *See* Exhibit T to Hedrick Dec.  Upon clicking the link, one is diverted to a new page on hpmamerica.com

which reads:

> "Is your company located in California, Arizona, Utah, Nevada or 50 miles over the Mexican border from California and Arizona then call The Dabr Company of Fullerton, CA our representatives for Extrusion, injection molding and die cast machines. JR Duff, President of Dabr will be welcome your call. The number is 714-996-7710." *See* Exhibit T to Hedrick Dec.

In addition, various press releases dating as far back as 1999 reveal that DABR is a sales representative for Defendant in, among other places, California. *See* Exhibits V and W to Hedrick Dec. These web pages reveal that since 1999, Defendant does and has done continuous and systematic business and advertising in the State of California through a straw man or distributor, The Dabr Company (also known as DABR Industries [*see* Exhibit U to Hedrick Dec.]). *See Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 112 (1987) [Conduct indicating an intent or purpose to serve the market in the forum State, includes "advertising in the forum State, establishing channels of communication for providing regular advice to customers in the forum State, **or marketing the product through a distributor who has agreed to act as the sales agent in the forum State**." (Emphasis added)]; *accord Sinatra v. National Enquirer, Inc.*, 854 F. 2d 1191, 1197 (9th Cir. 1988). By knowingly utilizing a sales representative/distributor in California for the purpose of selling HPM product in the State of California, Defendant has sufficient contacts within the State to support the jurisdiction of this Court.

## III.  IF THE COURT FINDS THAT DEFENDANT'S MOTION WAS TIMELY AND/OR DEFENDANT HAS NOT WAIVED ITS DEFENSES, THE PROPER REMEDY FOR ENFORCEMENT OF AN ARBITRATION CLAUSE IS AN ORDER COMPELLING ARBITRATION, NOT DISMISSAL

As argued above, Defendant's motion is untimely and, as a result, Defendant has waived its objections and defenses as stated therein. If the Court finds that Defendant's motion is timely and/or that it has not waived its defenses, Plaintiff does not oppose an order staying this litigation and compelling arbitration in Hong Kong. In fact, Plaintiff has made a number of inquiries to Defendant, including prior to the filing of Defendant's motion, regarding the possibility of arbitration in lieu of the present motion and any future motion for same, but

1  Defendant has refused to respond to any of these inquiries. *See* Exhibits N and S.

2  **CONCLUSION**

3       Defendant's motion is untimely under FRCP 81(c). Accordingly, Defendant has waived

4  the objections and defenses raised in the motion and the motion should be denied. In addition,

5  Defendant's motion to transfer venue is without merit as Defendant has misrepresented the

6  scope of its activities within California and has sufficient contacts within the State through its

7  knowing and purposeful use of a sales representative/distributor in the State for the purpose of

8  soliciting and accomplishing sales of HPM product within California. Based on the foregoing,

9  Defendant's motion should be denied.

10                               Respectfully submitted.

11                               **HANDAL & ASSOCIATES**

12

13

14 Dated: June 17, 2008           By:          

15                               Gabriel G. Hedrick
                              Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-