1  Tanya M. Schierling [SBN 206984]
   tschierling@swsslaw.com
2  Michael M. Vasseghi [SBN 210737]
   mvasseghi@swsslaw.com
3  SOLOMON WARD SEIDENWURM & SMITH, LLP
   401 B Street, Suite 1200
4  San Diego, California 92101
   Telephone: (619) 231-0303
5  Facsimile: (619) 231-4755

6  Attorneys for Defendant TAYLOR'S' INDUSTRIAL
   SERVICES. LLC a/k/a HPM DIVISION

7

8

9                  **UNITED STATES DISTRICT COURT**

10                **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  WELLTEC MACHINERY USA, INC., a          CASE NO. 08 CV 0877 BEN LSP
    California corporation as assignee of
13  WELLTEC MACHINERY LIMITED a Hong        **DEFENDANT TAYLOR'S INDUSTRIAL**
    Kong registered Company,                **SERVICES, LLC's REPLY IN SUPPORT OF**
14                                          **ITS MOTION TO DISMISS; OR IN THE**
                      Plaintiff,            **ALTERNATIVE, TRANSFER VENUE OR**
15                                          **STAY PROCEEDINGS PENDING**
         v.                                 **ARBITRATION**
16
    TAYLOR'S INDUSTRIAL SERVICES, LLC       Date:  June 30, 2008
17  a/k/a HPM DIVISION, and DOES 1          Time:  10:30 a.m.
    THROUGH 100,                            Dept:  Courtroom 3
18
                      Defendants.           Honorable Roger T. Benitez
19
                                            Complaint Filed:  January 28, 2008
20

21

22

23

24

25

26

27

28

**I**
**SUMMARY OF REPLY**

The Court should grant defendant's motion to dismiss for lack of personal jurisdiction and improper venue because plaintiffs fail entirely to meet their burden to present competent evidence that defendant has the constitutionally required minimum contacts in California. Because the case should be dismissed, the Court need not reach the questions of a transfer of venue or a stay to allow arbitration. Indeed, plaintiffs offer no opposition on these points. To the contrary, by stipulating to transfer venue to Ohio (where defendant operates its business), plaintiffs have conceded this case does not belong in this Court. Counsel's eleventh hour attempt to renege on that stipulation has no import other than to reveal the gamesmanship it represents.[1]

**II**
**PLAINTIFFS FAIL TO ESTABLISH PERSONAL JURISDICTION**

Plaintiffs spend the first four pages of their seven page opposition (and almost all of Mr. Hedrick's declaration and its 25+ pages worth of exhibits) establishing that they extended every courtesy to defendant and its counsel concerning extensions of time to file a responsive pleading[2] and preparation of stipulations. Defendant does not dispute that fact.

---

[1] Plaintiffs have exhibited a pattern of gamesmanship. They admit that as of Friday, May 23 Hong Kong time (which, at the latest, would be early morning on Friday in San Diego since Hong Kong is 15 hours ahead of San Diego), plaintiffs had agreed to stipulate to transfer venue. *See* Declaration of Gabriel G. Hedrick ("Hedrick Decl."), ¶¶ 21-22. Yet, despite several requests by defendant's counsel to confirm the stipulation as soon as possible or agree to a brief extension in order to avoid defendant incurring the fees and costs associated with filing this motion (which was due Friday, May 23), plaintiffs waited until Tuesday, May 27, *after* defendant was forced to file this motion, to inform defendant they would stipulate to the transfer. *Id.* Plaintiffs' suggestion that Mr. Hedrick was not—and could not be—made aware of the Hong Kong decision at the time it was made—on Friday, May 23 and in time to avoid defendant's unnecessary expenditure of time and money—is belied by the marvels of modern technology.

[2] It appears plaintiffs recite this litany of back-and-forth correspondence to suggest that defendant somehow waived its rights to challenge jurisdiction and venue. Plaintiffs claim that the May 19 email from defendant's counsel was "the very first time" defendant raised the issue of venue and a request to transfer venue. Opposition, page 3, lines 9-12. Yet *all* of plaintiffs' prior agreements with defendant's Ohio counsel, Mr. Riedel, were under the express understanding that defendant was preserving its right to *move or plead* to the complaint. *See* Exhibits F, G, and J to the Hedrick Decl., Mr. Riedel's March 24 and April 14 emails and his April 30 letter. At no time did defendant waive—or lead plaintiffs to believe it waived—its right to challenge jurisdiction and venue.

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, ETC.

1  But none of that, of course, is relevant to the legal issues before this Court, which are:  (1)

2  that defendant does not have minimum contacts in California and therefore this Court has no

3  personal jurisdiction over defendant; (2) that venue in this Court is improper; and (3) that

4  plaintiffs cannot bring their claims in this (or any) Court because they contractually agreed to

5  arbitrate them.  Notably, plaintiffs do not dispute—and thereby concede—that venue in this

6  Court is not proper and that plaintiffs' court action is barred by their agreement to arbitrate.[3]

7  　　　　Rather, plaintiffs contend personal jurisdiction exists.  In support, they offer one

8  single "fact"—a one-line website "invitation"—and then stretch that "fact" beyond the

9  bounds of any reasonable or credible inferences it could support.  For such flimsy (and

10  objectionable[4]) "evidence" to satisfy the rigors of constitutional due process would require

11  this Court to completely ignore, indeed eviscerate, the minimum contacts doctrine and

12  decades of constitutional jurisprudence.

13  　　　　Even if the website "evidence" were competent, it fails to establish contacts that are

14  substantial or systematic and continuous so as to support a finding of general jurisdiction.

15  ("There are two types of personal jurisdiction:  general and specific."  *Ziegler v. Indian River*

16  *County*, 64 F.3d 470, 473 (9th Cir. 1995) (*Ziegler*), citing *Reebok Int'l Ltd. v. McLaughlin*, 49

17  F.3d 1387, 1391 (9th Cir. 1995).  For general jurisdiction to result, the defendant's contacts

18  in the forum state must be "'substantial" or "continuous and systematic.'"  *Helicopteros*

19  *Nacionales de Columbia v. Hall* 466 U.S. 408, 414-416, (1984) (*Helicopteros*); *Perkins v.*

20  *Benguet Consol. Mining Co.* 342 U.S. 437, (1952) (*Perkins*); *Ziegler*, 64 F.3d at 473.  The

21  Ninth Circuit Court of Appeals has "regularly [ ] declined to find general jurisdiction even

22  where the contacts were quite extensive."  *Amoco*, 1 F.3d at 851, n.3.)

23  　　　　Assuming plaintiffs can overcome significant evidentiary hurdles to the website

24  "evidence," Exhibit T, a printout from www.hpmamerica.com, contains a link that invites

25  website visitors whose companies are located in California, Arizona, Utah, or Nevada to

26

27  [3]　　That is, absent a showing of waiver of the right to arbitrate by defendant, or defendant's stipulation to that effect.

28  [4]　　Defendant has concurrently filed evidentiary objections to plaintiffs' opposition.

1  contact a sales representative, DABR Industries, in California. Exhibits V and W purport to

2  be press releases dated in 1999—9 years ago—describing a business relationship between

3  defendant and a California sales representative. Plaintiffs take these two "facts," sprinkle

4  pixie dust on them, and attempt to transform them into the "conclusion" that "[t]hese web

5  pages reveal that since 1999, Defendant does and has done continuous and systematic

6  business and advertising in the State of California through a straw man or distributor."

7  Opposition, 6:8-10. Plaintiffs have produced absolutely no competent evidence to support

8  this attenuated and exaggerated inference, and defendant's sworn declaration that it has

9  never done business in California defeats such an inference.[5]

10       Indeed, it appears that the DABR "link" is outdated and obsolete. According to the

11  California Secretary of State, DABR Industries is a suspended corporation. *See* Declaration

12  of Tanya M. Schierling ("Schierling Decl."), ¶ 2 and Exhibit 1 thereto. Further, the phone

13  number for DABR Industries set forth in plaintiffs' Exhibits T and U directs the caller simply

14  to "J.R.," presumably the individual, J.R. Duff, referenced in those exhibits. Schierling Decl.

15  ¶ 3. The phone number has no affiliation with defendant. *Id.*

16       In short, the website "evidence" plaintiffs present—even if it were admissible—falls

17  dramatically short of establishing the substantial or systematic and continuous contacts

18  necessary to support a finding of general jurisdiction.

19       Further, plaintiffs (wisely) make no attempt to argue that defendant's alleged website

20  "contact" in California is in any way related to plaintiffs' claims in this case, as would be

21  required for a finding of specific jurisdiction. (Under the Ninth Circuit's three part test for

22  specific jurisdiction, plaintiffs must show, *inter alia*, that their claims arise out of or result

23  from this "California-related" activity. *Panavision Intern., L.P. v. Toeppen* 141 F.3d 1316,

24  1320 (9th Cir. 1998).)

25  ///

26  ///

27

28

---

[5]  See Declaration of Chris Filos filed May 23, 2008 in support of defendant's motion, ¶ 3.

1    Dwarfing defendant's single alleged California contact—the website "invitation"—are

2    the following undisputed facts that conclusively defeat a finding of personal jurisdiction[6]:

3    - defendant is organized under the laws of Illinois with its principal place of

4    business and headquarters in Mt. Gilead, Ohio

5    - defendant has never conducted business in California (despite the alleged

6    website invitation to contact an alleged distributor in California)

7    - defendant is not qualified, or required to be qualified, to do business in

8    California

9    - defendant does not and never has owned or operated any retail stores in

10    California

11    - defendant has not maintained bank accounts, offices, or employees in

12    California

13    - defendant has not advertised in California

14    - defendant does not have any customers in California

15    - defendant does not own, use, or possesses any real property in California

16    - defendant has not designated an agent for service of process in California

17    - defendant does not hold any type of license issued in California

18    - the agreement forming the basis of plaintiffs' complaint was negotiated and

19    executed by defendant in Ohio

20    - plaintiff executed the agreement in Hong Kong

21    - defendant performed all of its obligations under the agreement outside of

22    California

23    - the machines defendant purchased from plaintiff were either delivered F.O.B.

24    to Ohio, or defendant arranged to have the machines picked up from plaintiff's

25    facility in Hong Kong

26    [6]  Defendant submits that, on plaintiffs' "evidence" alone, the motion to dismiss must be granted, since

27    plaintiffs bear the burden of proof and defendant need not present any evidence to defeat jurisdiction. *VCS Samoa Parking Co. v. Blue Continent Prods. (PTY) Ltd.* 83 F.Supp.2d 1151 (S.D.Cal. 1998), aff'd 202 F.3d

28    280 (9th Cir. 1999) (the party asserting jurisdiction carries the burden of proof once the issue is raised).

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, ETC.

- defendant has never taken delivery of any machine, or any other goods or products pursuant to the parties' agreement, in California
- all of the machines that defendant has purchased from plaintiffs have been sold exclusively to customers in Canada, not California, as contemplated by the terms of the parties' agreement
- defendant has not consented, and does not consent, to the exercise of jurisdiction over it in California.

*See, generally,* Motion, 2:8- 3:9 and Declaration of Chris Filos filed in support thereof.

## III
## DEFENDANT'S MOTION IS TIMELY

Defendant's responsive pleading was due "5 days after the notice of removal is filed." F.R.C.P. 81(c). Because 5 days is fewer than 11 days, "intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation" of defendant's time to file the responsive pleading. F.R.C.P. 6(a). Defendant's notice of removal was filed on Friday, May 16. Pursuant to F.R.C.P. 6(a), Saturday, May 17 and Sunday, May 18 were excluded from the 5-day computation period. Therefore, defendant's responsive pleading was due—and was filed and served—on Friday, May 23. Plaintiffs' timeliness argument suggests counsel may not be familiar with the federal rules.

## IV
## CONCLUSION

Plaintiffs have plainly failed to meet their burden to show that defendant has the constitutionally required "minimum contacts" in California to support this Court exercising personal jurisdiction over it. The case therefore should be dismissed.

DATED: June 23, 2008                SOLOMON WARD SEIDENWURM & SMITH, LLP


By:  */s/ Tanya M. Schierling*
     TANYA M. SCHIERLING
     MICHAEL M. VASSEGHI
     Attorneys for Defendant

## CERTIFICATE OF SERVICE

On June 23, 2008, I caused **DEFENDANT TAYLOR'S INDUSTRIAL SERVICES, LLC's**

**REPLY IN SUPPORT OF ITS MOTION TO DISMISS; OR IN THE ALTERNATIVE,**

**TRANSFER VENUE OR STAY PROCEEDINGS PENDING ARBITRATION** to be served in

the following manner:

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e–mail notices for this

case:

Gabriel G. Hedrick, Esq.
Handal & Associates
1200 Third Avenue, Suite 1321
San Diego, CA 92101
ghedrick@handal-law.com
Telephone:  (619) 544-6400
Facsimile:    (619) 696-0323


**Manual Notice List**

The following is the list of attorneys who are not on the list to receive e–mail notices

for this case (who therefore require manual noticing).

None.

/s/ Tanya M. Schierling
TANYA M. SCHIERLING