**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WELLTEC MACHINERY USA, INC., a California corporation, as assignee of Welltec Machinery Limited, a Hong Kong registered Company,<br><br>                                  Plaintiff,<br>vs.<br><br>TAYLOR'S INDUSTRIAL SERVICES, LLC, *also known as* HPM Division,<br><br>                                  Defendant. | CASE NO. 08CV877 BEN (LSP)<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>**[Doc. No. 3]** |

## I. INTRODUCTION

Plaintiff Welltec Machinery USA, Inc. ("Welltec" or "Plaintiff") filed this breach-of-contract action against Defendant Taylor's Industrial Services, LLC ("Taylor's" or "Defendant") in a California state court. *See* Doc. No. 1. On May 16, 2008, Taylor's removed this action to this Court pursuant to 9 U.S.C. § 203, which provides for an original federal jurisdiction over an action falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. Defendant subsequently filed a timely Motion to Dismiss, asking the Court to dismiss the case for lack of personal jurisdiction. In the alternative, Defendant asked the Court to dismiss or transfer the case due to improper venue or to stay the action, pending arbitration.

At the outset, the Court notes that there appears to be a clear, binding arbitration agreement between the parties. *See* Doc. No. 1, at 23. The agreement provides that "[a]ny dispute or claim

arising out of this agreement shall be referred to and finally resolved by the International Chamber of Commerce in accordance with its Conciliation and Arbitration Rules. The venue of such arbitration shall be in Hong Kong." *Id.* Plaintiff neither disputes the existence of a binding arbitration agreement nor argues that the venue in this Court is proper. In fact, Plaintiff notes that it "does not oppose an order staying this litigation and compelling arbitration in Hong Kong." Doc. No. 7, at 5.

Against this backdrop, Plaintiff claims that, "by failing to timely respond . . . Defendant has waived its objections to personal jurisdiction, forum (i.e. arbitration) and venue." *See* Doc. No. 7, at 5 (emphasis omitted). Plaintiff's contention misinterprets the most basic requirements of the Federal Rules of Civil Procedure regarding time computation for filing a responsive pleading, and the Court will not expend judicial resources on educating Plaintiff's attorneys on the cannons of the procedural rules. *See* Fed. R. Civ. P. Rules 6(a) & 81(c). Simply stated, Plaintiff's contention is incorrect.

Having reviewed the papers and the declarations, the Court GRANTS the motion to dismiss for lack of personal jurisdiction. Because the instant action is dismissed, the Court will not address Defendant's remaining contentions for dismissal.

**II. STANDARD OF REVIEW**

Personal jurisdiction is required for the Court to impose a judgment on a Defendant. *See Burnham v. Sup. Ct. of Cal., County of Marin*, 495 U.S. 604, 610 (1990); *Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004). "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *see also*, *Mattel, Inc. v. Greiner and Hausser GmbH*, 354 F.3d 857, 862 (2003) ("[Plaintiff] bears the burden of establishing the district court's personal jurisdiction over the Defendants."). Furthermore, "[w]hen a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is 'obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.'" *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (citations

omitted).

The court may consider evidence presented in declarations in making its jurisdictional determination. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). "When a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (citations omitted). The facts offered by the plaintiff are taken as true for the purposes of a 12(b)(2) motion to dismiss where the facts are not directly controverted; and conflicts contained in the parties' affidavits must be resolved in the plaintiff's favor. *Id.*

"Constitutional due process concerns are satisfied when a nonresident defendant has 'certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional conceptions of fair play and substantial justice.'" *Id.* at 923 (quoting *International Shoe Co. v. State of Washington,* 326 U.S. 310, 316 (1945)). "Where a defendant deliberately engages in significant activities within a state, purposely availing itself of the privilege of conducting business there, it is presumptively reasonable to require that defendant 'submit to the burdens of litigation in that forum as well.'" *Unocal Corp.*, 248 F.3d at 923 (quoting *Burger King v. Rudzewicz,* 471 U.S. 462, 475-76 (1985)).

### III. DEFENDANT'S MOTION TO DISMISS

Using the "minimum contacts" analysis, jurisdiction over a defendant may be either general or specific. "If the defendant's activities in the forum are substantial, continuous and systematic, general jurisdiction is available[.]" *Unocal Corp.*, 248 F.3d at 923 (citation omitted). Specific jurisdiction may be exercised over a defendant whose contacts with the forum give rise to the action before the court. *Id.* The Ninth Circuit has interpreted this requirement "as allowing jurisdiction . . . over a nonresident defendant . . . if the specific cause of action arises out of a defendant's more limited contacts with the state so that California may exercise *limited* or *specifi*c jurisdiction over him." *Roth v. Garcia Marquez*, 942 F.2d 617, 620-21 (emphasis in original).

It appears that the only basis for supporting personal jurisdiction in Plaintiff's Opposition is Plaintiff's claim that, at some point in time, Defendant referred its potential customers who were

1  from California to another company that does business in California. *See* Doc. No. 7-2, Exh. T.
2  Plaintiff does not allege that this referral system currently exists and does not claim that there is a
3  connection between the referral system and the breach of contract in question. Applying the
4  jurisdictional standards and utilizing the Ninth Circuit's test for analyzing personal jurisdiction, the
5  Court finds that Welltec has failed to establish either general or specific jurisdiction over Taylor's.

### A.  The Court Lacks General Jurisdiction over Taylor's

Defendant Taylor's is organized under the laws of Illinois with its principal place of business in Ohio. Doc. No. 4, at 3. There is no question that Taylor's is not subject to this Court's general jurisdiction. It has not engaged in systematic and continuous contacts and has had virtually no contact with California. It does not conduct business in California, does not own property in California, does not have customers, and does not advertise in this state.

Plaintiff's *1-page* opposition of the jurisdictional issue is accompanied by a 70-page declaration, which is heavy on facts of very little relevance. *See* Doc. No. 7-2. From the declaration and documents attached, it is clear that the only "contact" Defendant has had with California was the following link, which at some point was present on Defendant's website: "Is your company located in California, Arizona, Utah, Nevada..." *Id.* The customers who clicked on the link were then instructed as follows: "call The Dabr Company of Fullerton, CA our representatives for Extrusion, injection molding and die cast machines. JR Duff, President of Dabr will welcome your call." *Id.* Notably, Plaintiff does not allege that this link is either currently active or was active at the time of the events in question; plaintiff also does not argue that a website referral "arises out of or relates to the defendant's forum-related activities."[1] *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

Additionally, Plaintiff cites a 9-year-old press release as evidence of a "purported business relationship" between Defendant and the Dabr Company. Doc. No. 7-2, at 7. Plaintiff does not

---

[1] Furthermore, contrary to Plaintiff's contention that this fact establishes personal jurisdiction over Defendant, this fact may possibly evidence Defendant's explicit desire *not* to conduct business in California.

allege: (1) that Defendant is currently in a business relationship with the Dabr Company; (2) that this "purported business relationship" existed at the time the parties entered into an agreement giving rise to this dispute; (3) that this "purported business relationship" relates in any way to the dispute in question; (4) that the website link in question continues to be present on Defendant's website; or (5) that the link in question was present at the time the parties entered into a contract subject of the instant dispute. In its reply papers, Defendant points out: (1) that the above-mentioned link "is outdated and obsolete"; (2) that Dabr Company "is a suspended corporation"; and (3) that the phone number listed on Plaintiff's exhibit "has no affiliation with [D]efendant." Doc. No. 8, at 4. This evidence is not controverted by Plaintiff.

In sum, there is no evidence that Defendant ever maintained offices, qualified to do business, or regularly solicited business in California. Defendant has never assigned agents or employees to work regularly in California; never owned, used, or possessed real property in California; and never contracted to supply goods or services in California. *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 815-816 (9th Cir. 1988) (finding no general jurisdiction under similar circumstances). Even taken as true, Plaintiff's contentions are insufficient for asserting general jurisdiction over Defendant.

***B. The Court Lacks Specific Jurisdiction over Taylor's***

Moreover, Plaintiff's declaration and exhibits do not evidence Defendant's purposeful availment – an element necessary for exercising specific jurisdiction. The Ninth Circuit has established a three-part test for analyzing whether specific personal jurisdiction exists:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.

1    Plaintiff "bears the burden of satisfying the first two prongs of the test. If the plaintiff fails
2 to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* In
3 this case, Plaintiff failed to meet this burden. Plaintiff devoted less than 1 page of its opposition on
4 discussing the jurisdictional issue and did not address in any way the factors required for
5 establishing specific personal jurisdiction.

6    The Court concludes that neither of the first two prongs is met. Furthermore, the facts of
7 this case are such that the exercise of personal jurisdiction over Taylor's would not comport with
8 fair play and substantial justice. Purposeful availment requires that the defendant "has performed
9 some type of affirmative conduct which allows or promotes the transaction of business within the
10 forum state." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (citations omitted). A
11 website referral to another company, alone, is insufficient to support personal jurisdiction. *See*,
12 *e.g.*, *Harlow v. Children's Hosp.*, 432 F.3d 50, 62-63 (1st Cir. 2005) (holding that referring an out-
13 of-state patient to a pediatrician from that state did not subject the referring hospital to specific
14 jurisdiction of that state); *Tewart Enterprises, Inc. v. Dawson*, 2007 WL 1114819, at *6 (S.D. Ohio
15 Apr. 13, 2007) (concluding that the defendant's website reference to an out-of-state dealer, along
16 with several other factors, was insufficient to assert specific jurisdiction over the defendant);
17 *Gammino v. Verizon Comm's, Inc.*, 2005 WL 3560799, at *5 (E.D. Pa. Dec. 27, 2005) (holding
18 that the defendant subsidiary's contact with the out-of-state customers through the defendant's
19 website was insufficient to assert personal jurisdiction over that defendant).

20    Notably, Plaintiff does not allege that the website referral in question has generated any
21 business or profits from California residents for Defendant. Moreover, the nature of this website
22 referral "does not suggest that [it was] purposefully directed to [Californians] rather than a
23 nationwide audience." *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 253 (2d Cir. 2007). In
24 sum, Plaintiff failed to allege that there is "'something more' than the operation of a . . . website."
25 *See Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002). Without
26 more, there is no evidence that Defendant purposefully availed itself of the privilege of conducting
27 activities in California.

28    Finally, Plaintiff does not allege or offer any support for an argument that its breach of

contract claim "arises out of or relates" to Defendant's forum-related activities. *Elayyan v. Sol Melia, SA*, -- F. Supp. 2d --, 2008 WL 2945456, at *14 (N.D. Ind. 2008) (citing *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 780 (7th Cir. 2003) ("Specific jurisdiction does not exist unless a plaintiff's claim evidences a real relationship with the state with respect to the transaction at issue.")). Accordingly, there is no basis to exercise personal jurisdiction over Defendant.

## IV.  CONCLUSION

The Motions to Dismiss for lack of personal jurisdiction is hereby GRANTED.

**IT IS SO ORDERED.**

DATED: September 4, 2008

ROGER T. BENITEZ
United States District Judge